Edward M. O’Gorman, J.
As. a result of injuries suffered on September 3, 1975, plaintiff is asserting a claim against the defendant school district. Defendant seeks an order dismissing this action as barred by the Statute of Limitations.
Having been hospitalized at the time of the expiration of the 90-day period, plaintiff failed to timely file a notice of claim as required by section 50-i of the General Municipal Law. Therefore, plaintiff, in June, 1976, made an application *919 pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave of the court to file said notice of claim. Said application was denied by the Honorable John W. Sweeny, without prejudice to a renewal thereof.
The renewal application dated September 27, 1976 was subsequently granted by this court. For reasons which are not relevant, this court’s determination was delayed until March 1, 1977.
As a matter of calendar measurement, it appears that a period of more than one year and 90 days has elapsed between the date of the accident and the date that leave to file a late notice of claim was granted.
The defendant contends that the period of one year and 90 days having elapsed prior to the commencement of the action herein, plaintiff is now barred by the Statute of Limitations (General Municipal Law, § 50-i) from maintaining this action.
Plaintiff, relying on Barchet v New York City Tr. Auth. (20 NY2d 1) contends that the statutory period of limitations has been tolled during the time that the court had this application under consideration.
The defendant contends that since the amendment of section 50-e, the statutory period of limitation is not tolled because the new amendment to subdivision 5 of section 50-e contains the language: "An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation”, which language was not contained in the section prior to amendment.
The defendant reasons from the foregoing quoted language that after the effective date of the amendment of subdivision 5 of section 50-e, there is no longer any bar to the commencement of an action against a public corporation, whether or not a notice of claim has been served. Therefore, defendant argues, plaintiff’s failure to commence this action while her application for leave to serve a late notice was being considered by the court should now bar her action.
It should be observed at the outset that while it is true that subdivision 5 of section 50-e has recently been amended as indicated above, the Legislature has not modified the provisions of section 50-i, which provides as follows:
"1. No action or special proceeding shall be prosecuted and maintained against a * * * school district for personal injury *920 or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such * * * school district or of any officer, agent or employee thereof * * * unless, (a) a notice of claim shall have been made and served upon the * * * school district in compliance with section fifty-e of this chapter”.
Subdivision 1 of section 50-e, to which reference is made in section 50-i, indicates clearly that the Legislature regards the service of such notice of claim as a condition precedent to the commencement of an action or special proceeding against a public corporation. The legislative intention in this connection is also manifest in subdivision 3 of section 50-i, which states: "Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action or special proceeding.”
It would seem clear from this section that, although * * * the Legislature uses the words "prosecuted or maintained” in subdivision 1, it clearly means "commenced”.
It is pertinent, in connection with the foregoing, to cite the clear language of the Fourteenth Annual Report of the Judicial Conference on the Civil Practice Law and Rules with reference to this statutory amendment. It states as follows:
"Turning finally to the period of extension, it will be noted that no attempt has been made by the draftsmen of the statute to extend the short statutes of limitation which normally govern the maintenance of an action against a public corporation (usually one year or one year and ninety days). In consonance with that 'hands-ofF policy, as far as the statute of limitations is concerned, the proposed statute provides that an extension of the time period within which a notice of claim may be filed shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. However, the statute of limitations may be tolled when the claimant is a person under disability because of infancy or insanity at the time when the cause of action accrued (CPLR 208). Furthermore, the statute of limitations is tolled under the provisions of CPLR 204(a) during the pendency of a proceeding to obtain leave to file a late notice. See Barchet v. New York City Transit Authority, 20 N. Y. 2d 1 (1967)”. (Twenty-first Ann Report of NY Judicial Conference, 1976, p 303.)
For the foregoing reasons, the court is of the opinion that *921 the amendment of subdivision 5 of section 50-e does not preclude the application to this case of the rule of Barchet v New York City Tr. Auth. (supra).
The motion to dismiss the complaint will be denied.