■ MARJORIE COREY, Appellant, v COUNTY OF RENSSELAER et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered September 3, 1981 in Rensselaer County, which granted defendants' motion for summary judgment on the ground that plaintiff's action was time barred. On March 16, 1979, plaintiff was involved in a collision with a vehicle owned by defendant Rensselaer County Department of Social Services and driven by its employee, defendant David La Vallee. Plaintiff did not retain counsel until April 30, 1980, and on May 15, 1980, moved for permission to

serve a late notice of claim. Leave was granted in a decison dated July 15, 1980, and an order thereon was entered on August 21, 1980. The notice of claim permitted by this order was served on August 22, 1980. Thereafter plaintiff commenced the action by service of a summons on defendant County of Rensselaer on October 15, 1980, and on the remaining defendants on October 17, 1980. Following service of the complaint and answer, defendants moved for summary judgment on the ground that plaintiff's action was barred by the Statute of Limitations contained in section 50-i (subd 1, par [c]) of the General Municipal Law. Plaintiff opposed the motion, contending that the section 50-i Statute of Limitations was tolled by CPLR 204 (subd [a]). Special Term granted defendants' motion, and this appeal followed. Special Term was correct in dismissing the action as time barred. CPLR 204 (subd [a]) only tolls a period of limitations when the action could not have been commenced by reason of a statutory or judicial stay. The requirement of section 50-i (subd 1, par [b]) of the General Municipal Law that the complaint must allege that 30 days have elapsed since service of the notice of claim (relied upon here by plaintiff to show a statutory stay) is modified by subdivision 5 of section 50-e of the General Municipal Law (as amd by L 1976, ch 745, § 2) which provides that "An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation" (see, also, General Municipal Law, § 50-e, subd 7, par [b]). This authorizes the action to be started before filing a notice of claim (see *Palazzo v City of New York,* 444 F Supp 1089, 1091). Thus, plaintiff could have timely commenced the action by service of a summons with notice either before or at the same time she applied for leave to serve a late notice of claim. She could still have complied with section 50-i (subd 1, par [b]) by later including the required 30-day statement in her complaint. (If necessary, of course, plaintiff could have moved for an extension of time in which to serve her complaint under CPLR 2004.) Nor was there a judicial stay here. Plaintiff contends that the period of time during which her motion for leave to serve a late notice of claim was pending before Special Term was a judicial stay prohibiting her from serving a complaint. Since she could have commenced the action before applying for judicial permission to file a late notice, she clearly was not prevented from doing so while a decision on her application was pending. Therefore, plaintiff was under no disability. Even in May 1980, she had ample time to comply with the Statute of Limitations in subdivision 1 of section 50-i. For the foregoing reasons, Special Term's order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Casey and Levine, JJ., concur.