■ MARTIN J. GIBLIN, Respondent, v NASSAU COUNTY MEDICAL CENTER et al., Appellants. — In a medical malpractice action, defendants appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated July 1, 1982, which denied their motion to dismiss the complaint as barred by the Statute of Limitations. Order reversed, on the law, without costs or disbursements, and defendants' motion granted. As a result of an injury to his left wrist and forearm, the plaintiff was treated at the Nassau County Medical Center on November 16, 1980. An application for leave to serve a late notice of claim, alleging the negligence of the medical center's employees, was brought on August 13, 1981, and was granted on September 15, 1981. While the notice of claim was served a few days later, the summons and complaint were not served on the medical center until March 4, 1982, and on the County of Nassau on March 9, 1982. Defendants then moved to dismiss the complaint on the ground that the action was not commenced within the one-year and 90-day Statute of

Limitations (see General Municipal Law, § 50-i). In opposition, plaintiff contended that the Statute of Limitations was tolled during the pendency of his application for leave to file a late notice of claim. Special Term, in agreement with the plaintiff, denied the motion to dismiss. Prior to the 1976 amendment to subdivision 5 of section 50-e of the General Municipal Law, that section provided that an application for leave to serve a late notice "shall be made prior to the commencement of an action to enforce the claim" (see General Municipal Law, § 50-e, former subd 5). Under the prior law, the Court of Appeals ruled that since a plaintiff could not bring an action until leave was obtained, there was, in effect, a statutory stay which invoked the toll provision of CPLR 204 (subd [a]) (*Barchet v New York City Tr. Auth.*, 20 NY2d 1). This toll was justified on the ground that since a plaintiff's ability to sue depended upon an action by an entity outside of his control, it would be unjust to extinguish the right to sue based on delay by that external body (*Santaniello v De Francisco*, 74 Misc 2d 229, 232-233, affd 44 AD2d 831). However, the 1976 amendment to subdivision 5 of section 50-e of the General Municipal Law changed the underlying basis of the *Barchet* decision by providing: "[a]n application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation" (L 1976, ch 745, § 2). Since the plaintiff could have brought his action either before or at the same time as his application for leave to serve a late notice of claim, or even during the pendency of the application (see *Pierson v City of New York*, 56 NY2d 950; *Corey v County of Rensselaer*, 88 AD2d 1104, mot for lv to app den 57 NY2d 602; but see *Colantuono v Valley Cent. School Dist., Orange County*, 90 Misc 2d 918), there was no statutory stay (*Corey v County of Rensselaer, supra*), and the *Barchet* rule no longer applies. Accordingly, the complaint should be dismissed as untimely. Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.