■ GLEN DAVIS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Jones, J.), dated August 10, 1982, which denied its motion to dismiss the complaint as barred by the Statute of Limitations and granted plaintiff's cross motion to strike defendant's second affirmative defense asserting the Statute of Limitations as a bar to plaintiff's action. Order reversed, on the law, without costs or disbursements, defendant's motion granted, plaintiff's cross motion denied, and complaint dismissed. On May 17, 1980, plaintiff allegedly sustained serious injuries when he fell between two moving subway cars operated by defendant New York City Transit Authority. On or about December 29, 1980 plaintiff moved for leave to serve a late notice of claim upon defendant. That motion was granted on March 25, 1981 and the proposed notice of claim annexed to plaintiff's papers was deemed served. On October 1, 1981, plaintiff commenced this action by service of a summons and complaint. Defendant then moved to dismiss the complaint on the ground that under applicable statutory law, as interpreted by this court (Public Authorities Law, § 1212, subd 2; *Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, affd on mem at App Div 42 NY2d 918), a one year and 120-day Statute of Limitations governs tort actions against defendant New York City Transit Authority and that, therefore, the Statute of Limitations had expired on September 14, 1981 prior to the commencement of this action. Plaintiff cross-moved to strike defendant's second affirmative defense which asserted the Statute of Limitations as a bar to his action. Plaintiff contended that the period within which the action must be commenced is tolled under the provisions of CPLR 204 (subd [a]) during the pendency of the application for leave to serve a late notice of claim and that, therefore, plaintiff had until December 9, 1981 to commence his action. Special Term agreed with plaintiff and, citing *Barchet v New York City Tr. Auth.* (20 NY2d 1), denied defendant's motion to dismiss the complaint and granted plaintiff's cross motion to strike the affirmative defense of the Statute of Limitations from its answer. Recently, in *Giblin v Nassau County Med. Center* (95 AD2d 795, 796) this court wrote: "Prior to the 1976 amendment to subdivision five of section 50-e of the General Municipal Law, that section provided that an application for leave to serve a late notice 'shall be made prior to the commencement of an action to enforce the claim' (see General Municipal Law, § 50-e, former subd 5). Under the prior law, the Court of Appeals ruled that since a plaintiff could not bring an action until leave was obtained, there was, in effect, a statutory stay which invoked the toll provision of CPLR 204 (subd [a]) (*Barchet v New York City Tr. Auth.,* 20 NY2d 1). This toll was justified on the ground that since a plaintiff's ability to sue depended upon an action by an entity outside of his control, it would be unjust to extinguish the right to sue based on delay by that external body (*Santaniello v De Francisco,* 74 Misc 2d 229, 232-233, affd 44 AD2d 831). However, the 1976 amendment to subdivision 5 of section 50-e of the General Municipal Law changed the underlying basis of the *Barchet* decision by providing: '[a]n application for leave to serve a late notice shall not be denied on the ground that it was made

after commencement of an action against the public corporation' (L 1976, ch 745, § 2). Since the plaintiff could have brought his action either before or at the same time as his application for leave to serve a late notice of claim, or even during the pendency of the application (see *Pierson v City of New York,* 56 NY2d 950; *Corey v County of Rensselaer,* 88 AD2d 1104, mot for lv to app den 57 NY2d 602; but see *Colantuono v Valley Cent. School Dist., Orange County,* 90 Misc 2d 918), there was no statutory stay (*Corey v County of Rensselaer, supra*), and the *Barchet* rule no longer applies." That holding is controlling in this case. Accordingly, the complaint should be dismissed as untimely. Gibbons, J. P., Gulotta and Niehoff, JJ., concur.

O'Connor, J., concurs in the result, with the following memorandum. On constraint of *Giblin v Nassau County Med. Center* (95 AD2d 795), I vote to reverse the order under review. Special Term ruled that the running of the period of limitation was tolled by CPLR 204 (subd [a]) during the pendency of plaintiff's application for leave to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. Subdivision 4 of section 1212 of the Public Authorities Law clearly requires that a notice of claim be served in compliance with section 50-e of the General Municipal Law as a condition precedent to commencement of a tort action against the New York City Transit Authority, stating in relevant part: "No action shall be maintained against the authority * * * on account of * * * negligence * * * unless it shall appear by and as an allegation in the complaint that at least thirty days have elapsed since the service of [a] notice [of claim]". Plaintiff properly points out that, in construing this provision in identical circumstances, the Court of Appeals ruled that it amounted to a condition precedent to commencement of an action and therefore operated as a stay pursuant to CPLR 204 (subd [a]) (*Barchet v New York City Tr. Auth.,* 20 NY2d 1). Defendant argues that the Legislature, by recent amendment to section 50-e, has now authorized claimants to commence their actions prior to making applications for leave to serve late notices of claim. Defendant bases its argument on the language of a new final paragraph of subdivision 5 of section 50-e, which states: "An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action". Defendant infers from this language that the Legislature intended to work a substantive change in the operation of section 50-e, which by the terms of paragraph (a) of subdivision 1 thereof, governs "any case founded upon tort where a notice of claim is required by law as a *condition precedent* to the commencement of an action or special proceeding against a public corporation" (emphasis supplied). The legislative history, however, is clearly to the contrary. The Judicial Conference, in recommending this addition enacted by the Legislature by the Laws of 1976 (ch 745, § 2), described the operation of section 50-e prior to its amendment as follows: "The harshness of the law is relieved to some extent by a provision that authorizes the court to permit a late filing of the claim if the person under disability, and by reason of his disability, fails to serve a timely notice and if application for an extension of time is made within a reasonable time, * * * *and before commencement of an action to enforce* the claim (subd 5)" (Twenty-first Ann Report of NY Judicial Conference, 1976, p 286; emphasis supplied). Describing the operation of section 50-e *upon addition* of the recommended language to subdivision 5, the report of the Judicial Conference concluded (p 303): "Furthermore, the statute of limitations is tolled under the provisions of CPLR 204(a) during the pendency of a proceeding to obtain leave to file a late notice. See *Barchet v. New York City Transit Authority,* 20 N. Y. 2d 1 (1967). See also *Amex Asphalt Corp. v City of New York,* 263 App. Div. 968 (2d Dep't 1942) affd 288 N. Y. 721 (1942)." Does not the case at bar fall squarely within the Judicial Conference's recommendation

that a claimant's pending application for leave to file a late notice of claim tolls the running of the period of limitation? Why reiterate the *Barchet* rule if the Judicial Conference was simultaneously undermining the rationale in *Barchet* by authorizing a claimant to commence his action prior to service of the late notice of claim? I conclude that the notice of claim specified by section 50-e remains a condition precedent pursuant to the language of section 1212 of the Public Authorities Law and section 50-e (subd 1, par [a]) of the General Municipal Law. The supporting study for the Judicial Conference's recommendation (Twenty-first Ann Report of NY Judicial Conference, 1976, p 358, *et seq.*) explained that the change was merely to prevent hardship for claimants who inadvertently commenced actions prior to service of the notices of claim: "A word * * * may be in order as to the requirement in present subdivision 5 that application for leave to file a late notice must be made prior to the commencement of an action to enforce the claim. This requirement is frequently adverted to by the courts [citing *Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139; *Weed v County of Nassau,* 34 NY2d 723; *Joseph v McVeigh,* 285 App Div 386, affd 309 NY 877], but it is not always enforced [citing *Matter of Natoli v Board of Educ.,* 277 App Div 915, affd 303 NY 646]. It can lead to unfair results. Assume that timely service of a notice of claim under section 50-e is a condition precedent to the commencement of an action to enforce the claim and that plaintiff has commenced an action but served an untimely or no notice. Dismissal of that action upon motion of the defendant seems to afford a sufficient remedy for the noncompliance. If, however, plaintiff realizes his mistake, why should he not be permitted immediately to apply for leave to serve a late notice if a basis for doing so is available? Compelling him to discontinue the pending action, with the attending delay, can only exacerbate an already precarious situation [citing CPLR 205, subd (a)]" (Twenty-first Ann Report of NY Judicial Conference, 1976, p 401; see, also, *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 260; *Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, affd 42 NY2d 918). Therefore, the study report by the draftsman concluded: "The purpose of this proposed new paragraph is to give a claimant the opportunity immediately to correct his nonperformance of the condition precedent if he possibly can. Nonperformance may result in dismissal of the pending action, but its pendency will not be a ground for denying an application for leave to serve a late notice" (Twenty-first Ann Report of NY Judicial Conference, 1976, p 403). Further analysis of the issue is warranted, however, because of the decision by the Third Department in *Corey v County of Rensselaer* (88 AD2d 1104, mot for lv to app den 57 NY2d 602). That decision, cited by defendant, inferred from the addition of this technical paragraph to section 50-e that the limitation period governing claims against counties (section 50-i of the General Municipal Law) did, in fact, uncouple service of notice of claim from commencement of an action. I cannot agree with its reasoning. In the first place, the court in *Corey* drew its logical inference without reference to the express contrary intent of the conference and its draftsman. In the second place, the court in *Corey* suggested that the literal language of the provision makes the requirement for preceding the commencement of the action with the service of a notice of claim more seeming than real. Subdivision 1 of section 50-i merely states that no action can be "prosecuted or maintained" against certain municipal entities "unless, (a) a notice of claim shall have been made and served * * * in compliance with section fifty-e of this chapter, [and] (b) it shall appear *by and as an allegation in the complaint or moving papers* that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused" (emphasis supplied). "Thus," reasoned the court in *Corey* (p 1105), "plaintiff could have timely commenced the action by service of *a*

*summons with notice* either before or at the same time she applied for leave to serve a late notice of claim. She could still have complied with section 50-i (subd 1, par [b]) by later including the required 30-day statement in her complaint. (If necessary, of course, plaintiff could have moved for an extension of time in which to serve her complaint under CPLR 2004.)" (Emphasis supplied.) Although ingenious, this reasoning puts too fine a distinction on a rather common legislative expression, which wraps up an imperative such as "serve the notice of claim" in the polite expression, "[such service] shall appear by and as an allegation in the complaint or moving papers". I believe the intent of the Legislature is manifest: the service of the notice of claim is a condition precedent to commencement of the action. I base this conclusion on the simple pattern that emerges from the seeming welter of what might be loosely called "notice of claim" provisions in the consolidated and unconsolidated laws.[1] To be disregarded at the outset are those notice of claim requirements that either require or permit submission of contract claims for audit by the governmental entity (see, e.g., County Law, § 369, subd 2; Alternative County Government Law, § 302; Second Class Cities Law, § 64; Town Law, § 118, subd 1; Village Law, § 5-524, subd 4; Education Law, § 1724, subd 1; § 2524, subd 1; L 1969, ch 1016 [New York City Health & Hosps. Corp. Act, § 20], as amd by L 1973, ch 877; see, also, *State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 68-69, n 8). Most notice of claim provisions are limited to tort claims, although the Legislature has yet to settle upon a single, simple formula for expressing this notion,[2] and serve a different function. The tort claim notice provisions relate not to this auditing mechanism established for certain municipal entities but either to "afford[ing] the public authority an opportunity, prior to incurring the expenses of litigation, to *evaluate* the claim and to determine whether to attempt an adjustment or to pay the claim" or to "assur[ing] that the public authority will be given prompt notice after the accrual of the claim to permit effective *investigation* of the circumstances out of which the claim arose" (see *Andersen v Long Is. R. R.,* 59 NY2d 657, 661, affg 88 AD2d 328; emphasis supplied). Some provisions indirectly require an evaluation period between the service of a section 50-e notice of claim and the commencement of an action to enforce the claim by

---

1. I do not agree with the opinion of the Supreme Court, Orange County (O'Gorman, J.), in *Colantuono v Valley Cent. School Dist., Orange County* (90 Misc 2d 918) that resolved this identical issue by interpreting the merely conditional conjunction "unless" in subdivision 1 of section 50-i as the temporal conjunction "until" in order to find a legislative intent that service of the notice of claim be a condition precedent to commencement of an action. That court did properly find the legislative intent, however, in the conclusion of the Twenty-first Annual Report of the New York Judicial Conference discussed, *supra.* (Compare General Municipal Law, § 50-i, subd 1, with Public Authorities Law, § 587, subd 2.)

2. The provisions, however, do find expression in only a few formulas. Without any pretence of exhausting the possibilities, the following are illustrative: "In an action * * * founded upon tort" (Public Authorities Law, § 1777, subd 1; § 1966, subd 1; § 2332, subd 1; see, also, General Municipal Law, § 50-e, subd 1; Public Authorities Law, § 587, subd 1; §§ 889, 1067, 1089, 1109, 1169, 1193-a, subd 1; §§ 1248, 1372, 1397, 1984, 2032, 2416, 2447, 2481, 2622, subd 1); "for a personal injury or injury to property" (CPLR 9801 [villages]; see, also, Public Authorities Law, § 2045-o, subd 1; § 2046-o); "for damages for wrong or injury to person or property" (Town Law, § 67, subd 1); "for death, personal injury or property damage or founded on tort" (Public Authorities Law, § 1225-m, subd [a]; § 1691, subd 1; §§ 2520, 2547, subd [a]; § 3020, subd 1); "for damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries" (*Education Law,* § 376-a, subd 1; see, also, Public Housing Law, § 157, subd 2; Public Authorities Law, § 1212, subd 1; § 1276, subd 1; § 1297, subd 1; § 1299-p, subd 1; § 1299-rr, subd 1; § 1317, subd 1; § 1342, subd 2; plus the cognate provisions for the multitude of parking authorities, e.g., Public Authorities Law, § 1416, subd 1).

mandating an allegation to this effect in the complaint or moving papers (see, e.g., General Municipal Law, § 50-i, subd 1; Public Authorities Law, § 1193-a, subd 4; § 1212, subd 4; Education Law, § 3813, subd 2 [per General Municipal Law, § 50-i]). Others directly specify such a period between service of a section 50-e notice of claim and commencement of an action (see, e.g., Public Authorities Law, § 587, subd 2; cf. L 1950, ch 301, § 7 [concerning Port Authority of N. Y. & N. J.]). Some provisions (found in great number in the Public Authorities Law) serve this same evaluative function without reference to section 50-e or its "notice of claim" term. These operate indirectly by requiring that the complaint allege that a specified period elapsed between *presentation* of a *claim or demand* and commencement of the action (see, e.g., Public Authorities Law, § 569-a, subd 1; § 1212, subd 1; § 1416, subd 1; § 1777, subd 1; Education Law, § 376-a, subd 1; § 2562, subd 1; Public Housing Law, § 157, subd 1). Others operate directly by staying commencement of an action for a specified period after presentation or filing of the claim (see, e.g., CPLR 9802 [village contracts]; Town Law, § 65, subd 3 [town contracts]). The lesson to be learned from this brief survey of the various notice of claim provisions (using that term generically) is that the language of each provision must be carefully scrutinized to ascertain what *function* it serves — evaluation, or investigation, or both (compare *Andersen v Long Is. R. R.*, 59 NY2d 657, *supra,* with *Barchet v New York City Tr. Auth.*, 20 NY2d 1, 5, n, *supra*). There are numerous provisions in which a demand or claim must be presented independently of the service of a section 50-e notice of claim or the filing of a "notice of intention to commence such action" (see, e.g., Public Authorities Law, § 569-a, subds 1, 2; § 1212, subds 1, 4; § 1276, subds 1, 2; § 1297, subds 1, 2; § 1416, subds 1, 2; § 1777, subds 1, 2; CPLR 9802 [village contracts]; cf. Court of Claims Act, § 10; see, also, *Crescent Elec. Installation Corp. v Board of Educ.*, 50 NY2d 780). If, on reflection, the particular provision in issue is found to serve the purpose of affording the government entity time within which to evaluate the claim or demand — regardless of whatever other purposes it might serve — then the rule of *Barchet v New York City Tr. Auth.* (20 NY2d 1, *supra*), should apply. In such a case, the time limited for the commencement of the action to enforce the claim should be tolled during the pendency of the application for leave to serve a late notice of claim or to present the claim or demand, as required by the provision for evaluation of the claim. In sum, analyzing the provision of section 1212 of the Public Authorities Law in issue here, as construed by the *Barchet* court, I would conclude that the result is dictated by the *Barchet* decision despite the recent amendment to section 50-e of the General Municipal Law. Both the explicit legislative history to that amendment and the apparent purpose of these provisions lead me to conclude that there was no intention to impair the evaluative role of the section 50-e notice requirement in subdivision 4 of section 1212, which is separate from the evaluative role of the demand or claim notice provision in subdivision 1 of section 1212. I therefore believe that the time within which plaintiff had to commence his action was tolled during the pendency of his application before Special Term for leave to serve a late section 50-e notice of claim, and that his action was timely. Solely on constraint of *Giblin v Nassau County Med. Center (supra)*, however, I vote with the majority for reversal.

