# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-IA-00845-SCT

*CITY OF PASCAGOULA, MISSISSIPPI*

*v.*

*RONALD LEE TOMLINSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/1997 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT W. WILKINSON |
| | WENDY ELIZABETH WALKER |
| | JOHN B. EDWARDS, II |
| ATTORNEY FOR APPELLEE: | D. NEIL HARRIS, SR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 5/13/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/3/99 |

**BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE FACTS AND CASE

¶1. Appellee Ronald Lee Tomlinson ("Tomlinson") was injured when he stepped into an uncovered pipe hole maintained by the appellant City of Pascagoula ("the City"). On May 15, 1996, Tomlinson filed a notice of claim with Brenda Reed, the City Clerk of Pascagoula, and Melvin Mitchell, the City's attorney, in an attempt to comply with the notice provisions of the Mississippi Tort Claims Act. See Miss. Code Ann. § 11-46-11 (Supp. 1998). Fifteen days after filing his notice of claim, Tomlinson filed his complaint against the City in the Circuit Court of Jackson County. On July 29, 1996, the City filed a motion to dismiss, arguing that Tomlinson had failed to comply with the notice requirements of the Tort Claims Act. The circuit court denied the City's motion to dismiss, finding that Tomlinson had substantially complied with the notice provisions of the Tort Claims Act. The City filed for an interlocutory appeal, which was granted by this Court.

### ISSUES

**I. Whether Miss. Code Annotated § 11-46-11 (Supp. 1996) requires compliance with each and every element articulated under the code for proper notice.**

**II. Whether the plaintiff's failure to allege compliance with Miss. Code Annotated § 11-46-11 (Supp, 1996) requires dismissal?**

**III. Whether notice was filed with the chief executive officer.**

¶2. The Mississippi Tort Claims Act is set out at § § 11-46-1 to -23 Miss. Code Ann. (Supp. 1998). Section 11-46-11 provides:

(1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity, and, if the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

(2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

(3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp. 1998).

¶3. In *Reaves v. Randall*, No. 97-CA-00982, (Miss. Dec. 31, 1998), this Court adopted a "substantial compliance" scheme, holding that "(w)hen the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act." In *Carr v. Town of Shubuta*, No. 96-CT-01266-SCT (Miss. Feb. 11, 1999), this Court approvingly cited the Indiana case of *Collier v. Prater,* 544 N.E.2d 497, 498 (Ind. 1989) for the proposition that:

[N]otice is sufficient if it substantially complies with the content requirements of the statute. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonable affords the

municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

*Shubuta*, Slip opinion at 5.

¶4. The City, however, argues that the notice provided by Tomlinson did not even rise to the level of substantial compliance with the requirements of the Tort Claims Act. The City submits that courts in certain other jurisdictions require substantial compliance with each applicable statutory requirement of notice:

Of the states with similar tort claims acts requiring information elements of notice, the states which require only *substantial compliance* with claim notice generally mandate full compliance with all the information provisions of notice. For example, in **Phillips v. Desert Hospital District**, 243 Cal. Rptr. 196, 200-01 (Cal. Ct. App. 1988), the California Court of Appeals held that where a plaintiff's notice letter lacked his address and the amount of money damages claimed, the claimant failed to satisfy the notice requirements of the California Tort Claims Act. ... In **Miller v. Brungardt**, 904 F.Supp. 1215, 1218 (D. Kan. 1995), the Kansas Federal District Court dismissed a plaintiff's claim for failure to include all information elements in his notice of claim. The court further held that *substantial compliance* with the tort claim notice existed only when the plaintiff attempts to satisfy *each information element* required by the statute, and could *never exist with one element missing*. Although Kansas is a "substantial compliance" state, its tort act is almost identical to Mississippi's.

Although several other jurisdictions have required that a plaintiff substantially comply with each element of the notice provisions of these states' Tort Claims Acts, this Court in **Reaves** set forth no such a requirement.

¶5. This Court in **Reaves** set forth the following holding to assist in a determination of whether substantial notice has been provided to the "chief executive officer" of a governmental entity:

In order to give reasonable meaning to the statute, we hold today that this term may be read to include any of the following: president of the board, chairman of the board, any board member, or such other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability.

*Reaves,* slip opinion at 3. This Court in **Reaves** did not issue any detailed holdings with regard to the issue of what level of compliance constitutes "substantial compliance" with the other notice provisions of the Tort Claims Act. Some indication as to the intent of the majority in **Reaves** can be gleaned, however, from the nature of the notice provided in that case. In **Reaves**, the notice provided was in the form of a letter from Reaves' attorney to the superintendent, stating that:

I have been retained by Rebecca Lou Rouse to represent her daughter, Ashley Renee Reaves, with regard to injuries and damages arising and growing out of a bicycle/motor vehicle accident which occurred on 2/18/96 at approximately 1:30 p.m. on the grounds of Davis School. It would be greatly appreciated if you would have your insurance carrier contact me regarding adjustment of this claim. /s/ Preston Davis Rideout, Jr.

This Court held that:

When the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act. In this case, we find that Reaves substantially complied with the

notice provisions of the Act. Her notice letter, sent to Superintendent Stevenson, lists the persons involved in the accident, when the accident occurred, where the accident occurred, and what vehicles were involved.

As noted *surpa,* this Court in *Carr* futher explained that:

In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonable affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

*Carr,* slip opinion at 5 (quoting *Collier*).

¶6. The notice in the present case took the form of a document entitled "Notice of Claim Pursuant to Section 11-46-11 of the Mississippi Code Annotated." This document was delivered to the City Clerk of Pascagoula and the City Attorney and provided that:

Re: Ronald Lee Tomlison. Please take notice that pursuant to Mississippi Code Annotated Section 11-46-11, Ronald Lee Tomlinson is making a claim against the City of Pascagoula, Mississippi for an appropriate amount for the injury to his leg which resulted when on June 2, 1995, he was walking along Ingalls Avenue and was crossing over to 11th Street, Pascagoula, Mississippi, and stepped into an uncovered pipe hole approximately three to four inches from the curb maintained by the City of Pascagoula. Employees of the City of Pascagoula, Mississippi erred in not covering the pipe hole and/or not placing warning signs in the vicinity to warn the public of this hazard. Enclosed are hospital records, Exhibit "A" and medical bills, Exhibit "B". Ronald LeeTomlinson was living in Jackson County, Mississippi at the time of the injury and is at this time living in Jackson County, Mississippi.

This Court concludes that the notice provided in the present case substantially complies with the requirements of the notice provisions of the Tort Claims Act pursuant to *Reaves* and *Carr*. The notice provided by Tomlinson was more detailed than that provided in *Reaves*, and this notice was provided to parties "employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability." These points of error are without merit.

### IV. Whether the claim should be dismissed due to the filing of the lawsuit within 90 days of the notice of claim.

¶7. As noted earlier, MCA § 11-46-11(1) requires that "that ninety (90) days prior to maintaining an action" based on the Tort Claims Act, a plaintiff "shall file a notice of claim with the chief executive officer."[1] The same subsection also provides for an additional five day period during which a chief executive officer "shall" pass on notice of any claim to the applicable claims board. Tomlinson acknowledges that he did not wait the required 90 days from providing notice to file his suit, but instead chose to file suit two weeks after providing notice of his claim. Tomlinson argues, however, that § 11-46-11(1) should not be read to require that a plaintiff wait 90 days before filing a lawsuit. Specifically, Tomlinson argues that:

Miss. Code Ann. § 11-46-11 states that `ninety (90) days prior to maintaining an action ... such person shall file a notice of claim ..." ... The legislature did not put `no suit shall be brought or maintained' which is the wording contained in other state's models of the tort claims act, therefore the

intent of the legislature is that an action may be `filed,' but not `maintained' or prosecuted during the pendency of the 90 day period reserved for investigation and settlement negotiations by the city.

This Court finds Tomlinson's interpretation of § 11-46-11 to be unpersuasive.

¶8. This Court concludes that the term "maintain" as used in § 11-46-11, clearly refers to the filing of a lawsuit. The primary indication that the Legislature was referring to the filing of a lawsuit in § 11-46-11(1) is the fact that § 11-46-11(3) serves to extend the one year statute of limitations by an additional 95 days from the filing of notice required by § 11-46-11(3). A statute of limitations serves to control the period in which a lawsuit may be *filed*, and the fact that the Legislature chose to extend the statute of limitations based on the requirements of subsection (1) indicates that the Legislature intended for plaintiffs to wait ninety days from the providing of notice to file any lawsuit.

¶9. The approach urged by Tomlinson would leave the issue of compliance with § 11-46-11(1) a fact issue as to whether the plaintiff actually took any steps in furtherance of his lawsuit during the ninety day period. The trial court would, presumably, be forced to take affidavits and/or testimony from the attorneys involved in the case as to whether they took any actions in furtherance of their lawsuit during the waiting period. The resolution of these rather murky issues would likely prove very difficult in many cases, and we expressly reject Tomlinson's interpretation of § 11-46-11(1). See *Colantuono v. Valley Cent'l School Dist.*, 396 N.Y.S.2d 590 (NY 1977)(rejecting an almost identical argument.)

¶10. While we conclude that § 11-46-11 clearly refers to the filing of the lawsuit, the question arises as to the proper remedy for a failure to comply with the ninety day waiting period. It is apparent that the ninety day waiting period was enacted to give the "chief executive officer" of a governmental entity adequate time to study a claim in order to determine, among other things, whether settlement negotiations should be initiated or whether the matter should be contested at trial. It does not necessarily follow, however, that the proper remedy for a failure to comply with the applicable waiting period should be the dismissal of the lawsuit. This Court concludes that the dismissal of a lawsuit based on a failure to comply with the waiting period is a disproportionate remedy and contrary to the purposes of the Legislature in enacting the Tort Claims Act.

¶11. We conclude that the better approach is, instead, for a governmental entity to request that the trial court issue an order staying the lawsuit until such time as the entity has been given the benefit of the applicable waiting period. The trial courts of this State have the inherent authority to grant such stays, and we direct that such orders be granted as necessary to ensure that a governmental entity is given the benefit of the waiting period. In the event that the trial court finds the requirements of the waiting period to have been violated, the governmental entity should be permitted to recover any expenses (including court costs and attorney's fees) which it incurs in obtaining a stay of the proceedings.[2] M.R.C.P. 11(b); Miss. Code Ann. § 11-55-5 (1) (Supp. 1998). In cases in which no such stay is requested, however, the issue should properly be considered to have been waived.

¶12. The record reveals that the City did not request a stay in the present case, and we accordingly conclude that this issue has been waived by the City. The trial court was correct in overruling the motion to dismiss the lawsuit, and we remand for proceedings consistent with this opinion.

¶13. **AFFIRMED ON INTERLOCUTORY APPEAL AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. The Legislature has recently amended § 11-46-11, 1999 Miss. Laws Ch. 469 (HB 778) but these amendments, which are effective from and after passage, are not applicable herein. The present case arose prior to the enactment of the amendments.

2. By so requiring, we hope to avoid the disproportionate remedy of dismissing the lawsuit while at the same time ensuring that a failure to abide with the waiting period is not free of adverse consequences for the plaintiff. Otherwise, it is likely that the waiting period would simply be ignored by many plaintiffs, and the requirements of § 11-46-11 would be rendered a nullity.