**Barton MATTSON, Plaintiff,**

v.

**FARRELL DISTRIBUTING CORPORATION,**
**Defendant.**

**No. 2:00–CV–243.**

United States District Court,
D. Vermont.

July 17, 2001.

Thomas C. Nuovo, Bauer, Anderson & Gravel, Burlington, VT, for plaintiff.

Rebecca C. Raskin, Gravel and Shea, Burlington, VT, for defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff Barton Mattson ("Mattson") brings this action under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and its civil enforcement provision, 29 U.S.C. § 1132, alleging that his former employer, Defendant Farrell Distributing Corporation ("Farrell"), did not notify him of his right to continue his health insurance coverage as required by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Farrell moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that the claim is time-barred. United States Magistrate Judge Jerome Niedermeier recommended that the Court grant the motion, and Mattson filed objections to the report and recommendation of the Magistrate Judge. On June 13, 2001, the Court held a hearing on Mattson's objection, in which it orally adopted in part

and rejected in part the Magistrate Judge's recommendation, denied Farrell's motion to dismiss, and stated its intention to issue a written opinion on the matter. Thereafter, Farrell moved for reconsideration of the Court's oral ruling.[1] Farrell's motion for reconsideration is **GRANTED;** however, for the reasons that follow, the Court adheres to its oral ruling. Thus, the Magistrate Judge's report and recommendation (Paper 31) is **ADOPTED IN PART** and **REJECTED IN PART** and Farrell's motion to dismiss (Paper 21) is **DENIED.**

## I. Background

The following facts are construed, as they must be on a motion to dismiss for failure to state a claim, in the light most favorable to the plaintiff.

Mattson was employed by Farrell from July 1984 until his termination on approximately August 28, 1996, during which time Farrell began providing its employees with group health insurance benefits. Mattson alleges that Farrell never gave him proper notice that he had a right to continue health insurance coverage after his termination, as required by COBRA.[2]

On July 5, 2000, Mattson filed a one-count complaint, alleging that under CO-BRA, he was entitled to written notice of his right to continue his health insurance benefits within sixty days of his termination. Because he was never given such notice, Mattson contends that Farrell is liable to him under ERISA for all of the medical costs he incurred as a result, a total of more than $12,760.[3] His complaint was filed approximately three years and eight months after the date by which he alleges COBRA notice was required (October 28, 1996) and about three years and five months after his health insurance coverage under Farrell's plan ceased (February 1, 1997).[4]

## II. Legal Standard

This Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made. *See Costello v. Gannett Satellite Info. Network Inc.,* 939 F.Supp. 313, 314 (D.Vt.1996), *aff'd in part, appeal dismissed in part,* 112 F.3d 503 (2d Cir.1997). "It may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.* (citing 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)).

A motion to dismiss based on a statute of limitations should be granted "only if a complaint clearly shows the claim is out of time." *Harris v. City of New*

---

1. Actually, counsel for Farrell wrote a letter to the Court "respectfully seeking reconsideration of [the Court's] ruling" instead of filing formal motion papers because, given the Court's promise of a forthcoming written opinion, counsel felt she should act promptly. Letter from Farrell's counsel to the Court, dated June 14, 2001, at 1 (Paper 36) [hereafter, "Mot. for Recons."]. The Court therefore treats counsel's letter as a formal motion for reconsideration.

2. Mattson once asked a Farrell representative about his ability to extend his health benefits and he was orally informed that such an extension would be too expensive for him. No one from Farrell, however, ever gave Mattson any written notice of his right to continue coverage.

3. Mattson also seeks "attorney's fees, costs, interest on damages, and statutory penalties of up to $100 per day from the date of termination until the date the notice is actually sent." Verified Compl. ¶ 19 (Paper 1) (citing 29 U.S.C. § 1132).

4. Mattson alleges that he believed that his health insurance coverage extended only until October of 1996, but he was in fact covered until February 1, 1997. It is not clear when Mattson became aware of the actual date upon which his coverage terminated.

*York,* 186 F.3d 243, 250 (2d Cir.1999). "[T]he court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995) (citations omitted). The lawsuit should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. Discussion

■ Neither COBRA nor ERISA specifies what limitations period should apply to actions based on violations of their provisions. *See Myers v. King's Daughters Clinic,* 912 F.Supp. 233, 237 (W.D.Tex.), *aff'd,* 96 F.3d 1445 (5th Cir.1996); *Miles v. N.Y. State Teamsters Conf. Pension & Ret. Fund Emp. Pension Benefit Plan,* 698 F.2d 593, 598 (2d Cir.1983). Thus, the Court "must apply the limitations period of the state-law cause of action most analogous to the federal claim,"[5] *Sandberg v. KPMG Peat Marwick, LLP,* 111 F.3d 331, 333 (2d Cir.1997) (citing *North Star Steel Co. v. Thomas,* 515 U.S. 29, ——, 115 S.Ct. 1927, 1930, 132 L.Ed.2d 27 (1995); *Wilson v. Garcia,* 471 U.S. 261, 267–68, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)), so long as application of that statute is not inconsis-

tent with federal law or policy, *see Wilson,* 471 U.S. at 266–67, 105 S.Ct. 1938.[6] "This requires the court to 'characterize the essence' of plaintiff's federal claim." *Sandberg,* 111 F.3d at 333 (quoting *Wilson,* 471 U.S. at 268, 105 S.Ct. 1938).

In its motion to dismiss, Farrell urged the Court to apply a two or three-year limitations period, either of which would bar Mattson's claims. First, Farrell asserted that Mattson's claim should be governed by Vermont's two-year statute of limitations applicable to payment-of-wages disputes, Vt.Stat.Ann. tit. 12, § 520. In the alternative, Farrell urged the Court to apply Vermont's three-year statute of limitations for lawsuits for personal injury or property damage, Vt.Stat.Ann. tit. 12, § 512(4) and (5).

Third, Farrell argued that the Court should apply a three-year-and-ninety-day limitations period, relying on a Vermont statute establishing "[r]equired standard [insurance] policy provisions," Vt.Stat.Ann. tit. 8, § 4065 (2000), which is in the same title and chapter of the Vermont statutes as "VIPER," Vt.Stat.Ann. tit. 8, §§ 4090a, 4090b, 4090c (Supp.2000), Vermont's counterpart to the federal COBRA.[7] Farrell admitted, however, that VIPER, like COBRA, "does not provide a specific period within which a claim must be brought for an alleged violation of its provisions."

---

5. As the Magistrate Judge noted, the parties agree with this premise, but dispute which statute of limitations should apply.

6. Because COBRA and ERISA were adopted before December 1, 1990, the general four-year statute of limitations now applicable to federal laws without a specified statute of limitations, 28 U.S.C. § 1658, is not applicable to Mattson's claim. *See id.*

7. In its motion to dismiss, Farrell characterizes this argument as "reinforc[ing] the conclusion that the applicable limitation period for a COBRA claim in Vermont is, at most, three years." Def.'s Mot. to Dismiss at 8 [hereafter,

"Mot. to Dismiss"]. However, at the same time, it asserts that the health insurance statute establishes "that any claim under VIPER-continued health insurance coverage must be brought, if at all, within not more than three years *plus ninety days* after the claim first arises." *Id.* at 9 (emphasis added). Thus, even if the Court accepted Farrell's argument that the Vermont statutes governing health insurance provisions had any bearing on the appropriate limitations period in this case, it is hard to see how they could "reinforce" Farrell's contention that only a three-year period should apply.

Mot. to Dismiss at 9. Nonetheless, Farrell suggested that because § 4065 requires health insurance policies to contain limitations periods no less favorable to the insured than three years and ninety days, the appropriate statute of limitations in this case should not be more than three years and ninety days. Thus, Farrell contended that even under the most generous interpretation of Mattson's complaint (assuming that his cause of action accrued on February 1, 1997), his claim is time-barred, as his complaint was filed three years and five months after that date.

Mattson, on the other hand, argued that the most analogous state law cause of action is breach of contract, and thus that the appropriate statute of limitations in this case should be six years, pursuant to Vermont's "catch-all" statute of limitations (which covers breach of contract claims), Vt.Stat.Ann. tit. 12, § 511 (2000).[8]

The Magistrate Judge rejected Mattson's argument that a COBRA notice claim is analogous to breach of contract. He also rejected Farrell's claim that the statute of limitations for actions for payment-of-wages disputes should apply.[9] The Magistrate Judge did, however, find that it was appropriate to apply a three-year-and-ninety-day limitations period, relying on Vermont's health insurance statutes. Specifically, Magistrate Judge Niedermeier relied on Vt.Stat.Ann. tit. 8, §§ 4065 and 4080, which require insurance policies to contain a three-year-and-ninety-day limitations period, *provided, however,* that such policies may contain provisions *more* favorable to the persons insured. *See* Vt.Stat. Ann. tit. 8, §§ 4065 and 4080 (2000). The

Magistrate Judge reasoned that because "neither party has even suggested that the underlying health insurance policy under which the plaintiff was covered ... included a contractual provision adopting a more generous limitation period, the Court must conclude that the relevant statute of limitations is three years plus ninety days." Magistrate Judge's Report and Recommendation at 14.

The Magistrate Judge's reliance on §§ 4065 and 4080 to determine the appropriate limitations period for a claim under COBRA was misplaced because these provisions are *not* statutes of limitations. Rather, §§ 4065 and 4080 set a *minimum standard* for limitations period provisions in insurance policies. Furthermore, the Magistrate Judge should not have made what was essentially a factual finding—that Mattson's insurance policy did not contain a more generous limitation period (or that it contained a limitation period at all) [10]—against the plaintiff on a motion to dismiss.

The Court agrees with the Magistrate Judge, however, that Mattson's claim is not analogous to an action for payment of wages under Vt.Stat.Ann. tit. 21, § 342, which must be brought two years after the cause of action accrues under Vt.Stat.Ann. tit. 12, § 520. As the Magistrate Judge properly reasoned, the payment-of-wages statute is limited only to the payment of weekly wages earned. It is difficult to see how a claim that a plaintiff did not receive the proper statutorily-required *notice* of his right to continue insurance coverage (at a cost to himself) can be analogous to a

---

**8.** Section 511 reads, in pertinent part: "A civil action, ... except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter." *Id.*

**9.** The Magistrate Judge did not address Farrell's argument that the Vermont statute of limitations for personal injury or property damage should apply.

**10.** Mattson in fact contends that his insurance contract contained no limitations period.

claim for wages earned. The Court holds that it cannot be.[11]

■ Nor does the Court believe that a COBRA notice claim should be governed by Vermont's statute of limitations applicable to "[i]njur[ies] to the person" or "[d]amage to personal property," Vt.Stat. Ann. tit. 12, § 512(4) and (5). Farrell relies on cases in the Second Circuit and Vermont that have applied § 512 to actions for alleged violations of federal civil rights statutes. *See* Mot. to Dismiss at 6 (citing *Morse v. Univ. of Vt.*, 973 F.2d 122, 125–27 (2d Cir.1992) (applying § 512(4) to a claim under the Rehabilitation Act); *Shields v. Gerhart*, 155 Vt. 141, 145–46, 582 A.2d 153 (1990) (applying § 512(4) to a § 1983 claim)). Farrell notes that those cases relied on U.S. Supreme Court cases holding that "civil rights violations, including employment discrimination claims, are fundamental injuries to the individual rights of a person and, therefore, the statute of limitations for personal injuries [i]s the most analogous state statute of limitations." Mot. to Dismiss at 6–7 (citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661–62, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Wilson*, 471 U.S. at 276–79, 105 S.Ct. 1938).

■ Notably, Farrell does not cite a single case in which a court (in any state) applied a statute of limitations for personal injury to a COBRA notice claim. The cases upon which Farrell relies all address claims under civil rights or anti-discrimination statutes, such as the Rehabilitation Act or § 1983. ERISA and COBRA, however, while protecting important interests, are not civil rights or employment discrimination statutes, but instead are primarily designed to protect economic interests. *See Eddy v. Colonial Life Ins. Co. of Am.*, 59 F.3d 201, 204 (D.C.Cir.1995) ("The interests furthered by ERISA differ substantially from those furthered by the civil rights statutes. Civil rights are constitutionally based; ERISA rights are statutory. In addition, ERISA protects economic interests, while the civil rights statutes advance dignitary as well as economic interests.") (citation and footnote omitted); *id.* at 204 n. 5 ("Although ERISA contains an anti-discrimination clause, ... ERISA is not an anti-discrimination statute, and the clause alone does not confer on ERISA the status of a civil rights statute."). Thus, claims under ERISA and COBRA are not properly characterized as analogous to personal injury claims for purposes of determining the appropriate statute of limitations.

■ Nor does the Court agree that Mattson's claim is analogous to a claim for damages to personal property. Farrell cites *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), as setting forth the requirements for establishing a "property interest."[12] *See* Mot. to Dismiss at 7.

---

11. Moreover, the Court agrees with the Magistrate Judge that the Third Circuit's holding in *Syed v. Hercules Inc.*, 214 F.3d 155 (3d Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001), is inapposite. *Syed* held that Delaware's statute of limitations covering employment disputes pertaining to wages, salary, overtime, or for "any other benefits arising from such work ..." was appropriately applied to an action for disability benefits under ERISA. *See id.* at 159–61. Thus, it is distinguishable from the instant case for at least two reasons. First, the statute of limitations applied in *Syed* was much broader than Vermont's, which applies only to actions for payment of weekly wages (and not to actions for "any other benefits arising from such work"). Second, the lawsuit in *Syed* was one for *benefits*, not failure to provide notice as required by statute.

12. *Roth* addressed the issue of whether a nontenured state teacher had a "property interest" in his continued employment for purposes of a claim that he was allegedly de-

Farrell's reliance on *Roth* here is misplaced, however, since the issue is not whether Mattson had a "property interest" in his statutory right to notice under COBRA, but whether his cause of action arising from Farrell's failure to provide COBRA notice is analogous to actions for damage to personal property. Because this case involves solely economic harm, the Court holds that it is not analogous to such actions. *See Fitzgerald v. Congleton,* 155 Vt. 283, 288, 293, 583 A.2d 595, 598, 601 (1990) (holding that the nature of the harm is the determining factor in statute of limitations determinations and applying the "residual" statute of limitations—not the one for property damage—to a claim for economic losses). Thus, the Court declines to apply the three-year limitations period in § 512 to Mattson's claim.

■ The Court nevertheless disagrees with Mattson that his claim can be analogized to a breach of contract claim. In support of his argument that it should be, Mattson relies primarily on the Second Circuit's holding in *Miles,* 698 F.2d at 598, which applied New York's six-year statute of limitations applying to contracts, fraud, other specified actions, as well as actions "not otherwise provided for," N.Y.C.P.L.R. § 213 (2001), to an ERISA claim for pension benefits. The *Miles* court, however, did not explain *why* it was applying C.P.L.R. § 213 to plaintiffs' claims in that case. *See Miles,* 698 F.2d at 598 (stating simply that "[h]ere, the six-year limitations period prescribed by New York's C.P.L.R. § 213 controls"). Thus, it never explicitly analogized the plaintiffs' ERISA claims to one for breach of contract. Moreover, and importantly, *Miles* did not involve a COBRA notice claim, but rather a claim for benefits under an existing plan. This

Court has already held that COBRA rights are "statutory, not contractual." *See Costello,* 939 F.Supp. at 317. Thus, while the essence of an ERISA claim for benefits may properly be analogized to breach of contract, a claim for failure to give proper statutory notice under COBRA may not be.

■ Having rejected all of the analogs put forth by the parties in this case, the Court holds that Mattson's claim is most analogous to a claim for economic damages, governed by Vermont's six-year statute of limitations, Vt.Stat.Ann. tit. 12, § 511, under *Fitzgerald,* 155 Vt. 283, 583 A.2d 595. *Fitzgerald* was an attorney malpractice case which held that the plaintiff's claims for damages resulting from mental anguish, emotional distress, and personal humiliation were time-barred because they constituted actions for personal injury subject to the three-year limitations period in § 512(4). *See id.* at 291, 583 A.2d at 599–600. The Vermont Supreme Court in *Fitzgerald* held, however, that some of the damages sought by the plaintiff (such as costs incurred by her as a result of defendant's alleged malpractice), were "economic losses" and were thus subject to the limitations provision of § 511. *See id.* at 293, 583 A.2d at 601. The *Fitzgerald* court noted the longstanding principle that the determination of which statute of limitations to apply to a cause of action requires examination of the nature of the harm alleged rather than the plaintiff's characterization of the action. *See id.* at 288, 583 A.2d at 598. The nature of the alleged harm to Mattson in this case—the essence of his claim—is similarly economic. It is thus subject to the six-year statute of limitations in Vt.Stat.Ann. tit. 12, § 511.

prived of his Fourteenth Amendment rights. *See id.,* 408 U.S. 564, 92 S.Ct. 2701, 33

L.Ed.2d 548.

Therefore, Mattson's claim is not time-barred.

In the hearing on this matter and its motion for reconsideration, Farrell has argued that "this Court must not step into the shoes of a Vermont state court determining an appropriate limitations period, but rather, it should apply federal law which requires the Court 'to apply the limitations period of the state-law cause of action most analogous to the federal claim.'"[13] Mot. for Recons. at 2 (quoting *Sandberg*, 111 F.3d at 333). In support of this proposition, Farrell relies primarily on a Sixth Circuit case, *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997), which grappled with the appropriate statute of limitations to be applied to a § 1983 claim. The *Kuhnle* court held that, under *Wilson*, 471 U.S. at 269–71, 105 S.Ct. 1938, "the characterization *of § 1983 claims* for purposes of borrowing a state statute of limitations is a question of federal law." *Kuhnle*, 103 F.3d at 519 (emphasis added). Significantly, however, the court then qualified this holding with the following language: "This is not a case in which there is substantive state law that differs from federal law. Rather, here there is a single correct statute of limitations under federal law that applies regardless of whether the action is brought in state or federal court." *Id.* at 519–20.

Moreover, *Wilson*, 471 U.S. 261, 105 S.Ct. 1938, upon which *Kuhnle* relied, rested on the text of 42 U.S.C. § 1988, which instructed district courts to look to federal law as much as possible in exercising their jurisdiction over civil rights claims, and to look to state law only secondarily, when not inconsistent with federal law. *See id.*, 471 U.S. at 267, 105 S.Ct. 1938. ERISA and COBRA are not within the body of laws to which § 1988, by its terms, applies. *See* 42 U.S.C. § 1988. Further, *Wilson* held only that a state supreme court's decision on the appropriate statute of limitations did not *control* the decision of the federal courts—not that district courts should *never* consider the decisions of their forum state's courts on these matters. *Wilson* held simply that

> [the] mandate [of § 1988] implies that *resort to state law*—the second step in the process—*should not be undertaken before principles of federal law are exhausted.* The characterization of § 1983 for statute of limitations purposes is derived from the elements of the cause of action, and Congress' purpose in providing it. These, of course, are matters of federal law. *Since federal law is available to decide the question, the language of § 1988 directs that the matter of characterization should be treated as a federal question.*

*Id.* at 268–69, 105 S.Ct. 1938 (emphasis added); *see also Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 147, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) ("The characterization of a federal claim for purposes of selecting the appropriate statute of limitations is *generally* a ques-

---

**13.** The Court notes at the outset that these two options are not always mutually exclusive, as illustrated by the discussion below. Thus, this statement begs the question with which the Court is now faced: What *is* the most analogous state cause of action? Surely the Court must look to state law to find the answer.

Moreover, before the hearing in which the Court orally denied Farrell's motion to dismiss, Farrell appeared to agree with the prop-

osition that the Court was permitted to consider state precedents as well as federal ones, since it cited a Vermont Supreme Court case in support of the argument that the Court should apply the limitations period for personal injury actions. *See* Mot. to Dismiss at 6 (citing *Shields*, 155 Vt. at 145–46, 582 A.2d 153). Thus, its post-ruling argument that the Court's consideration of the *Fitzgerald* case was improper seems rather disingenuous.

tion of federal law. . . .") (emphasis added); *c.f. Shields*, 155 Vt. at 145, 582 A.2d at 156 (asserting that "the applicable limitation period is a matter of state law").

Thus, even if the case at bar were subject to the mandate of § 1988, which it is not, federal courts are permitted to look to state law when there is no federal law available to decide the question. In the instant case, there is no controlling federal law on the issue of what Vermont cause of action is most analogous to a COBRA notice action for purposes of determining the appropriate limitations period. Moreover, even assuming that Farrell is correct that district courts must apply federal law to determine the appropriate limitations period for a federal cause of action, it does not follow that this determination should not be guided at least in part by state law as well. In fact, under federal law, the Court is required to "apply the limitations period of the state-law cause of action most analogous to the federal claim." *Sandberg*, 111 F.3d at 333. This obviously requires the Court to examine state precedents to determine what the most analogous state-law cause of action is, which is precisely what the Court has done in this case. Thus, the Court must disagree with Farrell that its reliance on the holdings of the Vermont

Supreme Court is in any way inappropriate.[14]

Farrell has also urged this Court not to apply § 511's statute of limitations, arguing that "federal courts have consistently disfavored application of a catchall or residual limitations period for the simple reason that a catchall is not 'analogous' to anything." [15] Mot. for Recons. at 2. This characterization of the attitude of federal courts towards the application of "catchall" periods is rather misleading, however. The two circuit cases that Farrell cites for this proposition, *Haggerty v. USAir, Inc.*, 952 F.2d 781 (3d Cir.1992); *Halkias v. General Dynamics Corp.*, 31 F.3d 224 (5th Cir.1994), vacated,[16] 56 F.3d 27 (5th Cir.1995) (per curiam), rely on Supreme Court cases that rejected the use of residual statutes only for certain claims, and based on reasons specific to the nature of those claims, *Agency Holding*, 483 U.S. at 152–53, 107 S.Ct. 2759 (rejecting the use of state "catch alls" for RICO claims); *id.* at 153, 107 S.Ct. 2759 ("Any selection of a state statute of limitations in those States without a catchall statute would be wholly at odds with the Court of Appeals' recognition of the *sui generis* nature of RICO.");

**14..** The Court also notes that failing to follow the holdings of the Vermont Supreme Court— and applying a rule that would likely be inconsistent with future state court decisions on the appropriate statute of limitations for COBRA notice claims—may have the undesired effect of encouraging parties to engage in forum shopping.

**15.** In making this argument, Farrell appears to be confused about the requirements of federal law. Federal law requires courts to determine the most analogous state law *cause of action*—not the most "analogous" state statute of limitations—to the federal claim. Logically, a statute of limitations cannot provide an analogy to a cause of action. Thus, the Court agrees with Farrell that "catch-all"

statutes of limitations provide no analogy. The analogy in this case is between a COBRA notice claim and the claim for economic damages made in *Fitzgerald*, to which the Vermont Supreme Court held § 511 to be applicable.

**16.** Not only does Farrell mischaracterize federal courts' attitudes toward the propriety of using residual state statutes of limitations, but it utterly fails to mention that *Halkias*—one of the cases upon which it relies for this argument—was vacated upon rehearing en banc by the Fifth Circuit and remanded to the district court for reconsideration in light of the Supreme Court's decision in *North Star*, 515 U.S. 29, 115 S.Ct. 1927. *See Halkias*, 56 F.3d 27.

*Wilson,* 471 U.S. at 278, 105 S.Ct. 1938 (rejecting use of "catch-all" periods for § 1983 claims, relying on the "relative scarcity of statutory claims when § 1983 was enacted"). Farrell cites no U.S. Supreme Court or Second Circuit authority holding that, as a general matter, the use of "catch-all" provisions—especially where no appropriate specific statute of limitations provision is available—is disfavored. In fact, the Second Circuit clearly approves of applying residual statutes of limitations in some cases, and specifically in the context of ERISA actions, since it found one to be applicable in *Miles,* 698 F.2d at 598. Furthermore, this is not a situation in which the Court, unable to find an appropriately analogous state law cause of action, applies the "catch-all" statute of limitations as a "fallback position." *See Haggerty,* 952 F.2d at 786. Rather, the Court has found the most analogous state law cause of action, and is applying the statute of limitations that the Vermont Supreme Court has held is properly applied to such claims. Application of the six-year limitations period set forth in § 511 in this case is proper.

## IV. Conclusion

Wherefore, the Court **GRANTS** Farrell's motion for reconsideration (Paper 36) but adheres to its oral ruling. Thus, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Report and Recommendation of the Magistrate Judge (Paper 31); Farrell's motion to dismiss the complaint (Paper 21) is **DENIED.**