Nathan B. HARVEY, Plaintiff,

v.

MINGO LOGAN COAL COMPANY, a foreign corporation, Defendant.

No. CIV.A. 2:02–1177.

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 5, 2003.

Henry E. Wood, III, Charleston, for Plaintiff Nathan B. Harvey.

Albert F. Sebok, Charleston, for Defendant Mingo Logan Coal Company.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the court are: (1) the motion of the plaintiff, Nathan B. Harvey, for leave to file a second amended complaint [Docket 27] and (2) the motion of the defendant, Mingo Logan Coal Company (Mingo), for partial summary judgment [Docket 34]. *Federal Rule of Civil Procedure* Rule 15(a) permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The court finds that the interests of justice are served by a liberal policy toward amendments, and therefore **GRANTS** the plaintiff's motion for leave to file a second amended complaint.[1] For the reasons discussed below, the court also **GRANTS** the defendant's motion for partial summary judgment.

### I. Facts

This case centers on the termination of Nathan B. Harvey from his employment with Mingo. Harvey was hired by Mingo in 1993, and worked as an electrician there until his termination on September 28, 2000. Harvey filed the instant suit on September 26, 2002, alleging: (1) that Mingo failed to satisfy its obligation under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 U.S.C. § 1166(a)(4)(A), to inform him of his right to continued medical coverage; and (2) that Mingo failed to pay wages due to him within seventy-two hours as required by federal law. The second amended complaint adds Harvey's wife as a party plaintiff and asserts new claims for: (1) breach of fiduciary duty and (2) civil penalties pursuant to 29 U.S.C. § 1132(c)(1) resulting from Mingo's alleged failure to comply

---

1. Harvey, initially proceeding *pro se* before a Magistrate Judge, filed his first amended complaint on December 18, 2002 without seeking leave of court. As the first amendment only made minor changes, it was permitted. Harvey attempted to amend his complaint a second time on March 11, 2003 without seeking leave of court. Harvey filed his motion for leave to file the second amended complaint on March 17, 2003. Having found good cause to grant Harvey's motion to amend, and as the second amended complaint is already on the record, the court will proceed with its analysis in light of the second amended complaint.

with Harvey's request for medical plan information. Mingo filed the current motion for partial summary judgment on April 18, 2003, contending: (1) that it fulfilled its obligations under COBRA to provide notice, and (2) that Harvey's COBRA claims are barred by the statute of limitations. Because the statute of limitations question is dispositive of the issues before the court, the court will address this argument first.[2]

## II. Discussion

 Neither COBRA itself, nor the Employee Retirement Income Security Act (ERISA), the larger statutory scheme of which COBRA is a part, contains an express statute of limitation period. Therefore, this court must "borrow" the statute of limitation period from the state law cause of action most analogous to the federal statute. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). This inquiry "requires the court to 'characterize the essence' of the plaintiff's federal claim." *Sandberg v. KPMG Peat Marwick, LLP*, 111 F.3d 331, 333 (2d Cir.1997) (quoting *Wilson v. Garcia*, 471 U.S. 261, 268, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Mingo argues that the West Virginia state law cause of action most analogous to a CO-BRA notification claim is that of a claim under the West Virginia Unfair Trade Practices Act (WVUTPA), W. Va.Code § 33–11–1 *et seq.* Mingo bases its argument on the reasoning of two district court cases that have applied state statutes of limitations governing unfair insurance related practices to COBRA notification claims. *See Carter v. Gen. Elec. Co.*, No. 98–C–50239, 2000 WL 321663, 2000 U.S. Dist. LEXIS 3875, at *5 (N. D.Ill. Mar. 21, 2000) (unpublished) (statute most analogous to COBRA claim is Illinois' two-year statute of limitations applicable to actions against insurance producers, limited insurance representatives, and registered firms); *Myers v. King's Daughters Clinic*, 912 F.Supp. 233, 237 (W.D.Tex.1996) (state statute most analogous to COBRA claim is Texas's two year statute governing unfair insurance related practices). Harvey, on the other hand, argues that the court should analogize a COBRA notification claim to an action for recovery on a contract,[3] and thus consider the claim subject to the five or ten year statute of limitations found in W. Va.Code § 55–2–6.[4] In support of this argument, Harvey relies on a recent Vermont case, *Mattson v. Farrell Distributing Corporation*, 163 F.Supp.2d 411 (D.Vt.2001), in which the district court held that a COBRA notification claim is essentially a claim for economic damages, and is thus subject to Vermont's six-year

---

**2.** At a status conference held on August 4, 2003, the parties stipulated that this court's ruling on the statute of limitations issue would apply to all of Harvey's COBRA claims.

**3.** Harvey initially argues that the court should apply the limitations period for ERISA claims found in 29 U.S.C. § 1303. This argument has no merit, simply because § 1303 has no bearing on an individual defendant's COBRA notification claim. Section 1303 only addresses ERISA actions brought by the Pension Benefit Guarantee Corporation and makes no reference to claims brought by individuals. The court therefore finds that 29 U.S.C. § 1303 does not govern the situation at hand,

and must look elsewhere to find the appropriate time period.

**4.** This statute states:

Every action to recover money ... on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: ... if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years; and if it be upon any other contract, express or implied, within five years ....

W. Va.Code § 55–2–6 (2003).

statute of limitations for civil actions in general. 163 F.Supp. at 418; *see also* Vt. Stat. Ann. tit. 12, § 511 (2003).

There appear to be no cases on point in this district or in the Fourth Circuit. In *Myers v. King's Daughters Clinic,* 912 F.Supp. 233 (W.D.Tex.1996), a Texas district court addressed the issue of the proper statute of limitations for COBRA notification claims and ruled that Texas's statute governing unfair insurance related practices should apply. *Id.* at 237. The *Myers* court reached this conclusion by analyzing the legislative intent behind CO-BRA's implementation. *Id.* COBRA was designed to allow terminated employees an opportunity to continue their group health coverage, *Phillips v. Saratoga Harness Racing, Inc.,* 240 F.3d 174, 179 (2d Cir.2001) ("COBRA was enacted as a legislative response to the growing number of Americans without health insurance and the reluctance of hospitals to treat the uninsured"), and the statute imposes corresponding notification duties on both employers and employees. 29 U.S.C. §§ 1166(a)(4)(A) & 1166(a)(3) (2003). Under COBRA, an employer has a duty to notify an employee of her right to continue health insurance coverage, and the employee has a corresponding duty to notify her employer of her desire to continue such coverage. *Id.* The *Myers* court noted that because these rights and duties are statutory in nature, a COBRA notification claim cannot be analogized to a contract dispute. 912 F.Supp. at 237–38 ("[A COBRA claim] is not analogous to contractually imposed duties whereby two parties independently agree to rights and duties to govern their business/employment relationship.").[5]

In *Mattson v. Farrell Distributing Corporation,* 163 F.Supp.2d 411 (D.Vt.2001), the case relied upon by the plaintiff, a Vermont district court addressed the same COBRA statute of limitations issue and concluded that Vermont's six-year statute of limitations for economic damages should apply to a COBRA notification claim. In reaching this result, the *Mattson* court specifically rejected the contention that a COBRA notification claim should be treated as a breach of contract claim. 163 F.Supp. at 418. The court reached the same result as the *Myers* court on this issue, stating:

> The Court ... disagrees ... that [the] claim can be analogized to a breach of contract claim .... This Court has already held that COBRA rights are statutory, not contractual. Thus, while the essence of an ERISA claim for benefits may properly be analogized to breach of contract, a claim for failure to give proper statutory notice under COBRA may not be.

*Id.* (quotations omitted). While the *Mattson* court ultimately concluded that a CO-BRA notification claim is analogous to a claim for economic damages, it should be noted that nowhere in the *Mattson* opinion did the court address the possibility that a COBRA notification claim could be analogized to a claim of unfair insurance practices. The only mention of an insurance-specific statute of limitations comes upon the court's rejection of the Magistrate Judge's application of Vt. Stat. Ann. tit. 8, §§ 4065 and 4080 to the issue.[6] *Id.* at 416. The *Mattson* court found that §§ 4065 and 4080 had no bearing on the issue, as these two statutes only "set a minimum standard

---

5. Another district court addressing the same statute of limitations issue recently came to the same conclusion as the *Myers* court, relying without elaboration upon the *Myers* result. *See Carter,* 2000 WL 321663, 2000 U.S. Dist. LEXIS 3875, at *5.

6. Vt. Stat. Ann. tit. 8, §§ 4065 and 4080 require Vermont insurance polices to contain no less than a three-year-and-ninety day limitations period.

for limitations period provisions" and were not statutes of limitations in their own right.[7] *Id.* Thus, the *Mattson* court reached its conclusion without ever addressing the similarity of a COBRA notification claim to an unfair insurance practices claim.

After analyzing the *Myers* and *Mattson* opinions, the court finds the reasoning of the *Myers* court persuasive. Due to the statutory nature of a COBRA notification claim, and the significant dissimilarities between a COBRA notification claim and a contract action, the court **FINDS** that West Virginia's statute of limitations applicable to unfair insurance related practices is the appropriate measure. Under *Wilt v. State Automobile Mutual Insurance Company,* 203 W.Va. 165, 506 S.E.2d 608 (1998), unfair insurance settlement practices claims brought pursuant to the WVUTPA are governed by the one year statute of limitations found in W. Va.Code § 55–2–12(c).[8] *Id.* at 614 ("Given its recent statutory genesis, an unfair settlement practices claim clearly did not survive at common law and thus falls squarely into subdivision (c) of West Virginia Code § 55–2–12."). Harvey filed his claim on September 26, 2002, well over a year after his cause of action arose upon his September 28, 2000 termination. Because Harvey's COBRA claims are time-barred, the court **GRANTS** Mingo's motion for partial summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties, and **DI-RECTS** the Clerk to post this published opinion at *http://www.wvsd.uscourts.gov.*

7. The court has considered application of a similar West Virginia statute mandating that no insurance policy in West Virginia may "limit[ ] the time within which an action may be brought to a period of less than two years from the time the cause of action accrues," but has rejected that option for the same reasons as the *Mattson* court. W. Va.Code § 33–6–14 (2003).

8. Section 55–2–12 is titled "Personal actions not otherwise provided for" and states:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va.Code § 55–2–12 (2003).