# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

NATHAN B. HARVEY,

*Plaintiff-Appellant,*

v.

MINGO LOGAN COAL COMPANY, a
foreign corporation,

*Defendant-Appellee.*

No. 03-2033

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CA-02-1177)

Argued: June 3, 2004

Decided: July 2, 2004

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Henry Edward Wood, III, Charleston, West Virginia, for
Appellant. Albert F. Sebok, JACKSON KELLY, P.L.L.C., Charles-
ton, West Virginia, for Appellee. **ON BRIEF:** W. Scott Evans,
JACKSON KELLY, P.L.L.C., Charleston, West Virginia, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nathan B. Harvey claims that Mingo Logan Coal Company (the "Company") failed to notify him of his COBRA right to continue coverage under the Company's group medical plan after he was terminated.[1] The district court granted partial summary judgment[2] in favor of the Company, concluding that Harvey's COBRA notification claim was barred by a one-year statute of limitations. *See Harvey v. Mingo Logan Coal Co.*, 274 F. Supp. 2d 791 (S.D.W. Va. 2003). We affirm.

I.

According to Harvey's complaint, the Company fired him on September 28, 2000. About five months later, Harvey was involved in a motor vehicle accident and incurred more than $40,000 in medical expenses to treat his injuries.

Harvey filed suit against the Company on September 26, 2002, nearly two years after his termination. Harvey claims that the Company breached its duty under COBRA to inform him that he was eligible to purchase medical coverage under the Company's group medical plan after his termination. *See* 29 U.S.C. § 1166 (a)(4)(A). Harvey asserts that had the Company properly informed him of this entitlement, he would have elected to purchase the coverage and his medical bills would have been paid by the Company's plan.

The Company moved for partial summary judgment on two grounds. First, it argued that it sent Harvey the required notification

---

[1]Harvey also attempts to assert a claim on behalf of his wife, but the record does not reflect that his wife was ever made a party to this action.

[2]The parties subsequently settled Harvey's remaining wage claim, and the district court dismissed the case.

via first-class mail within a week after he was terminated. Second, the Company argued that Harvey's claim was barred by a one-year statute of limitations borrowed from the most analogous West Virginia limitations period.

The district court did not rule on the Company's argument that it complied with its notification obligations under COBRA. The court did, however, conclude that West Virginia's one-year statute of limitations governing unfair insurance practices barred Harvey's suit. *Harvey*, 274 F. Supp. 2d at 795.

## II.

COBRA does not include a limitations provision.[3] When a federal civil statutory scheme has no expressly applicable statute of limitations, the district court generally should borrow the most closely analogous statute of limitations from state law. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). The parties agree that, if a limitations period must be borrowed from state law, it should be borrowed from West Virginia law.

The Company contends, and the district court agreed, that the West Virginia Unfair Trade Practices Act ("WVUTPA") provides the most closely analogous claim under West Virginia law. *See* W.Va. Code §§ 33-11-1 to -10. The WVUTPA regulates trade practices specifically in the business of insurance by defining and prohibiting a wide variety of unfair or deceptive practices. *See* W.Va. Code § 33-11-1. The statute of limitations for claims brought pursuant to the WVUTPA is one year. *See Wilt v. State Auto. Mut. Ins. Co.*, 506 S.E.2d 608, 614 (W. Va. 1998)(concluding that WVUTPA claims are subject to the one-year catchall statute of limitations at W.Va. Code § 55-2-12(c)).[4]

---

[3]COBRA, 29 U.S.C. §§ 1161-1169, is part of ERISA, 29 U.S.C. §§ 1001-1461. Although Harvey initially argued that the three-year ERISA statute of limitations at § 1303 for claims by or against the Pension Benefit Guaranty Corporation should apply, he conceded at oral argument that this limitations period is not applicable.

[4]Even if the WVUTPA were not the most closely analogous state law claim, the one-year catchall limitations period found in W.Va. Code § 55-2-12(c) would apply to the claim made in this case in any event.

### III.

We have carefully reviewed the record, the arguments by the parties, and the applicable law. We affirm substantially on the reasoning of the district court.

*AFFIRMED*