CITY OF SYRACUSE, Appellant, v UTICA MUTUAL INSURANCE COMPANY, Respondent.

Fourth Department, October 30, 1981

### APPEARANCES OF COUNSEL

*David M. Garber (James L. Gelormini* of counsel), for appellant.

*Bond, Schoeneck & King (David L. Dawson* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

The issue to be resolved on this appeal is whether an insurance company seeking reimbursement of first-party benefits it has paid must serve a notice of claim pursuant to section 50-e of the General Municipal Law as a condition precedent to mandatory arbitration against a municipal self-insurer under section 674 of the Insurance Law.

This controversy arises from the Utica Mutual Insurance Company's (Utica Mutual) claim for reimbursement from a municipal self-insurer, City of Syracuse (City), for first-party benefits paid by Utica Mutual. The essential facts are not in dispute. On December 5, 1977 a snowplow owned

and insured by the City was involved in an accident with a vehicle insured by Utica Mutual. As a result of this accident Utica Mutual's insured sustained personal injuries requiring that company to pay a total of $1,211.34 in first-party benefits in accordance with the New York Comprehensive Automobile Insurance Reparations Act (Insurance Law, art 18, commonly known as the "no-fault" law). Utica Mutual also paid its insured for property damage incurred in the accident.

On or about January 11, 1978, Utica Mutual filed a notice of claim with respect to the property damage only and made no reference to any no-fault payments. Thereafter, on April 27, 1978 and October 5, 1978, Utica Mutual sent letters to the City advising that it would claim reimbursement for first-party benefits which were paid as a result of the December 5, 1977 accident.

On or about January 3, 1979, Utica Mutual served demands for arbitration pursuant to the loss transfer provisions of section 674 of the Insurance Law which provides for mandatory arbitration of disputed no-fault claims as between carriers, seeking to recover first-party benefits paid to its insured. On January 26, 1979, the City made application to stay arbitration on the ground that Utica Mutual had failed to serve a notice of claim as required by section 50-e of the General Municipal Law, which notice it submitted was a condition precedent to instituting mandatory arbitration under section 674 of the Insurance Law. In denying the stay, Special Term held that the filing of a notice of claim pursuant to section 50-e of the General Municipal Law is not and should not be a condition precedent to mandatory arbitration pursuant to section 674 of the Insurance Law.

At the outset, we must initially determine whether it is within the purview of this court to resolve the threshold question as to whether compliance with any claimed condition precedent to access to the arbitration forum is for the courts or the arbitrator to decide. We have held that arbitration provides the sole remedy in loss transfer between insurers and that the arbitration panel is the proper forum for the determination of all questions of law and fact which may arise in connection with such remedy (*Paxton*

*Nat. Ins. Co. v Merchants Mut. Ins. Co.,* 74 AD2d 715, 716, affd 53 NY2d 646). However, on motions to stay arbitration, the threshold question as to whether there has been compliance with any condition precedent to access to the arbitration forum is properly a matter to be resolved by the courts (see *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1). We shall therefore undertake to address the issue presented.

When the Legislature enacted the "Comprehensive Automobile Insurance Reparations Act" (Insurance Law, art 18, L 1973, ch 13, commonly referred to as the "no-fault" law), it created a partial modification of the pre-existing system of reparation for personal injuries suffered in automobile accidents. The former system of liability, grounded in negligence under classic principles of tort law, was replaced by a two-pronged system: one prong deals with compensation for basic economic loss; the other with limitation of tort actions *(Montgomery v Daniels,* 38 NY2d 41, 46). In terms of compensation, the no-fault law requires the payment of first-party benefits which accrue to the injured person regardless of fault or negligence on the part of the covered person (Insurance Law, §§ 671, 672), with certain statutory exceptions. Where first-party benefits are paid, the insurer's right to transfer the loss to the insurer of the owner and operator of the other vehicle depends on the application of subdivision 1 of section 674 of the Insurance Law.

Subdivision 2 of section 674 of the Insurance Law provides that the sole remedy of a no-fault insurer to recover reimbursement of first-party benefits from another insurer pursuant to subdivision 1 of section 674 "shall be the submission of the controversy to mandatory arbitration pursuant to procedures to be promulgated or approved by the superintendent." The regulations promulgated by the Superintendent of Insurance (11 NYCRR 65.10) apply equally to self-insurers such as the City as well as to other insurers such as Utica Mutual. Nowhere in the Insurance Law, nor in the applicable regulations, is there a requirement that a notice of claim be served as a condition precedent to mandatory arbitration against a municipal

self-insurer of any risk under section 674 of the Insurance Law.

The City endeavors to implant such a requirement into subdivision 1 of section 674 of the Insurance Law which limits the right of one insurer to recover from the insurer of another covered person "if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law." The City argues that since section 674 conditions recovery to those situations where the "covered person" has liability in an action at law, the statute contemplates compliance with the notice of claim provisions of the General Municipal Law. Hence, the City contends that Utica Mutual's claim for reimbursement is barred for failure to serve a notice of claim on the City as required by section 50-e of the General Municipal Law. Further, it contends that inasmuch as the superintendent's regulations require that the Statute of Limitations for arbitration claims under section 674 of the Insurance Law is the same as the "applicable tort statute of limitations as if litigation has been instituted" (11 NYCRR 65.10 [d] [5] [i]), by implication, this includes compliance with statutory conditions precedent, such as notices of claim (see *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358).

In our view, the principles set forth in *Norkin (supra)* have no application to claims for reimbursement of first-party benefits paid. While it is true that the three-year negligence period of limitation applies to a first-party insurer's claim for reimbursement from the insurer of the other party involved in the accident pursuant to section 674 of the Insurance Law *(State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.*, 79 AD2d 858, 859; *Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.*, 77 AD2d 5, mot for lv to app den 53 NY2d 602), arbitration provides the sole remedy in loss transfer between insurers and the arbitration panel is the proper forum for determination of all questions of law and fact which may arise in connection with the remedy that respondent seeks *(Paxton Nat. Ins. Co. v Merchants Mut. Ins. Co.*, 74 AD2d 715, 716, *supra;* Insurance Law, § 674, subd 2).

Furthermore, subdivision 2 of section 674 of the Insurance Law providing for mandatory no-fault arbitration was amended in 1977 (L 1977, ch 892, § 12) to provide that: "Such mandatory arbitration procedures shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits." Likewise, the superintendent's regulations provide that "[a]ny determination as to whether an insurer is legally entitled to recovery from another insurer shall be made by an arbitration panel" (11 NYCRR 65.10 [a] [2]). Moreover, specifically in regard to timeliness, 11 NYCRR 65.10 [d] [1] requires that a request for arbitration shall be made "as soon as reasonably practicable" and further provides that: "[a]s a condition precedent to arbitration, local representatives of involved insurers must make sincere efforts to settle controversies by direct negotiation." There is no other reference in the regulations to any condition precedent to mandatory arbitration.

Significantly the Committee on Insurance Arbitration, the body directed to administer the mandatory arbitration procedures prescribed by section 674 of the Insurance Law (11 NYCRR 65.10 [b] [1]), has expressed the opinion that the filing of a notice of claim is not a condition precedent to mandatory arbitration against municipalities under the no-fault law (Arbitration Newsletter [May, 1976], vol III, No. 9). This opinion must be accorded great weight insofar as it represents the interpretation of the statute by an agency entrusted to implement and enforce it (see *Lightbody v Russell,* 293 NY 492, 495-496; see, also, *Matter of Cortlandt Nursing Care Center v Whalen,* 46 NY2d 979, 980; *Matter of Sigety v Ingraham,* 29 NY2d 110, 114).

Our recent decision in *State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.* (79 AD2d 858, *supra)* does not compel an opposite result. Therein we stated (p 859): "Section 674 of the Insurance Law vests the insurer liable for first-party benefits only with the rights of its insured which are in the nature of subrogation and not indemnification *(Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co., supra;* Comment, New York Adopts No-Fault, 37 Alb L Rev 662, 696-697). A first-party insurer's rights are based on and derived from its insured's rights and no more * * * The right

to recover is subject to the same defenses that an at-fault party could have asserted including the Statute of Limitations". The City suggests that this language from our *State Farm* decision reinforces its arguments that since the insurance company's rights are in the nature of subrogation and are subject to the same defenses that an at-fault party could have asserted (the "at-fault party" in the instant case being the operator of the City's vehicle), no action at law may be maintained against him unless a notice of claim is served on the City as required by section 50-e of the General Municipal Law. While we recognize that the remedy under section 674 of the Insurance Law is subrogation through mandatory arbitration, section 50-e of the General Municipal Law, insofar as motor vehicle accident cases are concerned, has no application where first-party benefits are paid by the injured party's insurer and that insurer is subrogated to the rights of the insured through compulsory arbitration.

We must be ever mindful that while the provisions of the no-fault law do not repeal or amend section 50-e of the General Municipal Law, a new procedure has been adopted which authorizes first-party benefits with a resultant equitable adjustment as between insurers without resorting to formal notice of claim and lawsuits. The City chooses to ignore the two-pronged features inaugurated in the no-fault legislation for compensating injured persons. The record reveals that Utica Mutual followed all the procedures prescribed under the applicable regulations (11 NYCRR 65.10 [d]). By filing its request for reimbursement of first-party benefits from the self-insurer City as provided in section 674 of the Insurance Law on the form prescribed by the regulations (11 NYCRR 65.10 [d] [1]), respondent insurance company fulfilled all prerequisites required by the law. In our view, there is no reason either in law or logic for the provisions of section 50-e of the General Municipal Law to have application to mandatory no-fault arbitrations under section 674 of the Insurance Law. By its own terms, the notice of claim requirements of section 50-e of the General Municipal Law apply only to "any case founded upon tort" which has no relation to that prong of the no-fault law which is concerned with payment

of first-party benefits and compensation without regard to fault or negligence. There is no action in the no-fault system between covered persons to recover the elements of basic economic loss. That element of damages has been eliminated and relegated solely to interinsurer loss transfer procedures pursuant to the provisions of section 674 of the Insurance Law.

We reject the City's attempts to utilize the notice of claim requirement as a sword rather than a shield or as a "trap to catch the unwary or the ignorant." *(Sweeney v City of New York,* 225 NY 271, 273.) While intercompany loss transfers are tied to the legal obligation of a covered person, section 674 provides the obligation of the insurer of the at-fault party to reimburse the insurer of the not-at-fault party the total amount paid in first-party benefits. The established public policy of the no-fault legislation is concerned with equitable adjustment as between insurers through mandatory arbitration as opposed to the multiple defenses of tort claims. By electing to be self-insured the City stands in the same position as any other insurer under the no-fault law and is not entitled to the additional protection of notice of claim provisions designed for traditional tort actions.

Accordingly, Special Term properly denied the application to stay arbitration.

DILLON, P. J., SIMONS, DENMAN and MOULE, JJ., concur.

Order unanimously affirmed, with costs.