OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The factual and procedural background out of which this appeal arises is set forth in the opinion at the Appellate Division (88 AD2d 328).
The 1976 amendment to section 1276 of the Public Authorities Law did not abolish the requirement that there be presented a demand to be followed by a 30-day waiting period prior to the institution of an action such as the present. Before that amendment, subdivisions 1, 2 and 6 provided as follows:
*660 “Actions against the authority.
“1. As a condition to the consent of the state to such suits against the authority, in every action against the authority for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death, the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof.
“2. An action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law * * *
“6. Each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority.”
On September 1,1976 (L 1976, ch 745, § 4), subdivision 6 was amended to read: “6. The provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of -the authority. In all other respects, each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority.”
*661 Literally read the 1976 amendment of subdivision 6 touched only those provisions of section 1276 “which relate to the requirement for service of a notice of claim”, i.e., the provisions contained in subdivision 2. “Notice of claim” can be a phrase of art, and that the Legislature so used it in this instance and intended a literal reading of the amendment appears from the memorandum of the Judicial Conference in support of the legislation (NY Legis Ann, 1976, pp 9-10, quoted in relevant part at 88 AD2d, p 334). Particularly pertinent is the sentence: “The amendment deletes the requirement that a notice of claim precede the commencement of an action against a subsidiary, but would provide, however, that in all other respects, each subsidiary shall be subject to the other provisions of the section”. (NY Legis Ann, 1976, pp 10-11.)
Moreover, there are compelling reasons to distinguish between service of a “notice of claim” and presentation of a “demand” or “claim” arising from the functional difference between the two. Presentation of the demand at anytime within the statutorily prescribed period of limitations, with its accompanying 30-day waiting period, is designed to afford the public authority an opportunity, prior to incurring the expenses of litigation, to evaluate the claim and to determine whether to attempt an adjustment or to pay the claim. By some contrast, service of the notice of claim, within the 90-day period of limitations prescribed therefor, serves to assure that the public authority will be given prompt notice after the accrual of the claim to permit effective investigation of the circumstances out of which the claim arose.
We agree with the reasoning by which both the Appellaté Division, Second Department (in this case), and the Appellate Division, Fourth Department (in Niemczyk v Pawlak, 76 AD2d 84), reached the conclusion that the prescriptions of subdivision 1 of section 1276 were not affected by the 1976 amendment of subdivision 6.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum.