MARK FLEMING et al., Respondents, v LONG ISLAND RAILROAD, Appellant.

Second Department, July 20, 1987

**APPEARANCES OF COUNSEL**

*Metnick & Bernstein, P. C. (Roy Schuchman* and *Seymour H. Metnick* of counsel), for appellant.

*Rosenbaum Wise Lerman & Katz (Wilson, Elser, Moskowitz Edelman & Dicker [Thomas W. Hyland, James L. Fischer* and *John W. Manning]* of counsel), for respondents.

**OPINION OF THE COURT**

HARWOOD, J.

This action stems from an incident which occurred on April 10, 1979, when the plaintiff Mark Fleming allegedly sustained injuries as a result of a fall between the station platform and the railroad car of a Long Island Railroad commuter train from which he was disembarking at the Jamaica Station.

In a prior decision in this case *(see, Fleming v Long Is. R. R.,* 88 AD2d 328, *affd* 59 NY2d 895), we held that the requirement of pleading that 30 days had elapsed since making a demand pursuant to Public Authorities Law § 1276 (1) survived the 1976 amendment to Public Authorities Law § 1276 (6) which had eliminated the requirement of a formal notice of claim in actions against subsidiary corporations of a public authority. However, this court did not dismiss the plaintiffs' complaint at that time, but rather, remitted the case to Special Term for a hearing on the issue of whether the defendant wrongfully induced the plaintiffs to change their position to their prejudice and thereby could be equitably estopped from asserting the defense of failure to comply with the 30-day demand rule of Public Authorities Law § 1276 (1). Following a hearing on the issue of estoppel, Special Term (Santucci, J.), finding no evidence that the defendant had wrongfully induced the plaintiffs to change their position, dismissed the complaint on the ground that the plaintiffs had failed to comply with the mandates of Public Authorities Law § 1276 (1).

The plaintiffs then recommenced their action by service of the instant summons and complaint dated April 18, 1985, in which they pleaded compliance with the 30-day demand requirement. The plaintiffs' complaint also alleged that since the original action was timely commenced, the second action was likewise timely pursuant to CPLR 205 (a). The defendant subsequently moved to dismiss the second action as time barred, asserting, *inter alia,* that the original complaint had been dismissed based on a jurisdictional defect, and, therefore, CPLR 205 (a) was inapplicable. The Supreme Court, Queens County (Leviss, J.), denied the defendant's motion to dismiss, holding that dismissal of the prior action was due solely to the plaintiffs' failure to plead compliance with a condition precedent.

Thus, the instant appeal raises the question of whether the provisions of CPLR 205 (a) may be applied to permit the commencement, within six months, of a second action, where the original action was dismissed for failure to comply with Public Authorities Law § 1276 (1).

When an action that has been timely commenced is later dismissed, a new action may be commenced within six months of the termination, so long as the dismissal was not (1) by voluntary discontinuance, (2) for neglect to prosecute the action, or (3) a final judgment upon the merits *(see,* CPLR 205 [a]). In addition, this six-month tolling provision does not apply where there is a lack of personal jurisdiction in the prior action since, in that case, no prior action was ever actually commenced because of a defect in service *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283; *George v Mt. Sinai Hosp.,* 47 NY2d 170).

At bar, it is clear that dismissal of the first action was not based upon any of the three statutory grounds enumerated in CPLR 205 (a); nor was the action dismissed for lack of personal jurisdiction. Thus, we are hard pressed to find any reason why the instant plaintiffs should be denied the benefit of the six-month toll of CPLR 205 (a).

The purpose of the 1976 amendment to Public Authorities Law § 1276 (6) was "to liberalize the notice of claims provision of section 50-e of the General Municipal Law and to eliminate preconditions to suit which exist by reason of similar provisions contained in the Public Authorities Law" *(Niemczyk v Pawlak,* 76 AD2d 84, 86; 1976 NY Legis Ann, at 10-11). The language of this court in the previous decision in *Fleming v*

*Long Is. R. R. (supra)* was limited to holding that the requirement in Public Authorities Law § 1276 (1), that a plaintiff plead compliance in the complaint with the 30-day demand rule, survived the 1976 amendment to Public Authorities Law § 1276 (6). We noted that, unlike the "notice" requirement of, e.g., General Municipal Law § 50-e, the surviving 30-day demand rule was designed simply to afford the affected public authority or subsidiary an opportunity to settle a claim without incurring the expense of litigation. In this regard, it is well settled that dismissal for the failure to plead compliance with a condition precedent is the equivalent of a dismissal for failure to state a cause of action, and is not a jurisdictional defect *(see, Tucker v Long Is. R. R. Co.,* 128 AD2d 517; *Fitzgibbon v County of Nassau,* 112 AD2d 266; *Matter of Day Surgicals v State Tax Commn.,* 97 AD2d 865).

The Court of Appeals has unequivocally held that the extension provisions of CPLR 205 (a) are available to a plaintiff who seeks to recommence an action, notwithstanding that the prior action upon which the plaintiff relies was "invalid" in the sense that it contained a fatal defect *(see, Carrick v Central Gen. Hosp.,* 51 NY2d 242; *George v Mt. Sinai Hosp., supra).* In *Carrick,* the court stated: "[T]he fact that the prior action was so defective as to be 'tantamount to no suit whatsoever' simply does not preclude the use of that remedial provision to revive an otherwise time-barred cause of action, provided, of course, that a prior timely action, however flawed, actually was 'commenced' within the meaning of CPLR 304" *(Carrick v Central Gen. Hosp., supra,* at 249).

Most recently, in *Matter of Morris Investors v Commissioner of Fin. of City of N. Y.* (69 NY2d 933, 935-936), wherein the petitioner had failed to comply with a condition precedent requiring that the amount of the disputed tax deficiency be deposited or an undertaking be posted prior to the commencement of a proceeding pursuant to CPLR article 78 to review the tax assessment, the Court of Appeals reiterated and clarified the liberal construction to be afforded CPLR 205 (a), stating: "CPLR 205 (a), a remedial provision protecting the right of litigants who have given timely notice of the assertion of their claims, 'has its roots in the distant past' *(Gaines v City of New York,* 215 NY 533, 537 [Cardozo, J.]; *see,* 1 Weinstein-Korn-Miller, NY Civ Prac, ¶ 205.01); '[i]ts broad and liberal purpose is not to be frittered away by any narrow construction.' *(Gaines v City of New York, supra,* at 539; *George v Mt. Sinai Hosp.,* 47 NY2d 170, 177; *Carrick v Central Gen. Hosp.,*

51 NY2d 242; *see also,* CPLR 104.) Here, petitioners' first suit was actually 'commenced' (CPLR 304) by service of process upon respondent; that service was made within the four-month limitations period specified by Administrative Code § II46-7.0 *(see also,* CPLR 217). Thus, the proceeding was 'timely commenced' against respondent within the meaning of CPLR 205 (a). That the first proceeding may have been defective for failure to deposit the tax or post a bond does not put it beyond the saving provision of CPLR 205 (a). *The statute by its very terms comes into operation in instances where a proceeding has been terminated for some fatal flaw unrelated to the merits of the underlying claim (see, George v Mt. Sinai Hosp., supra,* at 177-179), *and it is to be liberally construed"* (emphasis supplied).

The *Morris* court went on to note that the failure to post a bond or deposit the tax within the four-month Statute of Limitations does not nullify the underlying right to bring an action. In so holding, the court distinguished the case from those situations where a right to seek relief is specifically conditioned upon compliance with a particular time requirement rather than, or in addition to, a Statute of Limitations *(see, e.g., Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Bernardez v Federal Deposit Ins. Corp.,* 104 AD2d 309, *affd* 64 NY2d 943 *for reasons stated in mem at App Div).* The cases distinguished by the court as not being covered by the extension of CPLR 205 (a) are situations in which the condition precedent itself sets forth a permissible time within which an action may be brought. Thus, in analyzing the instant case within this framework, we find that the nature of the condition precedent at issue here falls readily within the type contemplated by the court to allow for the application of CPLR 205 (a). Clearly, the requirement of the 30-day demand set forth in Public Authorities Law § 1276 (1) does not impose upon the plaintiffs a statutory period within which an action may be commenced. The only such period imposed upon the plaintiffs is the 1-year and 30-day Statute of Limitations within which the original action was unquestionably commenced. Moreover, it is clear from the record that the original action was properly commenced within the meaning of CPLR 304.

Accordingly, the appeal from the order dated May 6, 1986 should be dismissed, as that order was superseded by the order dated July 14, 1986, made upon reargument. The order

dated July 14, 1986 should be affirmed insofar as appealed from, and the plaintiffs should be awarded one bill of costs.

THOMPSON, J. P., LAWRENCE and WEINSTEIN, JJ., concur.

Ordered that the appeal from the order dated May 6, 1986, is dismissed, as that order was superseded by the order dated July 14, 1986, made upon reargument; and it is further,

Ordered that the order dated July 14, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.