■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v CHARLES OLSEN, Respondent. SUFFOLK COUNTY FLEET SERVICES, Proposed Additional Respondent, et al., Proposed Additional Respondents. [802 NYS2d 725]—

In a proceeding to stay an uninsured motorist arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Mullen, J.), dated December 20, 2004, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs to the petitioner payable by Suffolk County Fleet Services, and the matter is remitted to the Supreme Court, Suffolk County, for a framed issue hearing in accordance herewith, and for a new determination of the petition thereafter.

As correctly conceded by the proposed additional respondent, Suffolk County Fleet Services (hereinafter Suffolk), a self-

insured municipality is required to provide mandatory uninsured motorist benefits to employees who operate municipal motor vehicles (*see Matter of State Farm Mut. Auto. Ins. Co. v Amato,* 72 NY2d 288, 293-294 [1988]; *Matter of Country-Wide Ins. Co. [Manning],* 96 AD2d 471 [1983], *affd* 62 NY2d 748 [1984]; *see also* Insurance Law § 3420 [f] [1]). Contrary to Suffolk's contention, however, a statutory arbitration proceeding to resolve a coverage dispute concerning an uninsured motorist claim is not a claim founded upon a *tort,* requiring the service of a notice of claim as a condition precedent to the commencement of an action within the meaning of General Municipal Law § 50-e (1) (a) (*see* County Law § 52; General Municipal Law § 50-i; *cf. Matter of City of Syracuse v Utica Mut. Ins. Co.,* 61 NY2d 691 [1984]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Evans,* 95 AD2d 470 [1983]). Accordingly, the Supreme Court erred in dismissing the petition for failure to comply with General Municipal Law § 50-e. Although the appellant's contention that a notice of claim was not a condition precedent is raised for the first time on appeal, we nevertheless reach it as a matter of discretion since it involves a question of law that appears on the face of the record and, if brought to the attention of the Supreme Court, could not have been avoided (*see Weiner v MKVII-Westchester, LLC,* 292 AD2d 597, 598 [2002]).

Because the court never reached the issue we remit the matter to the Supreme Court, Suffolk County, for a framed issue hearing to determine whether Suffolk received notice given by or on behalf of the injured person as soon as was reasonably practicable (*cf.* 11 NYCRR 65.11 [m] [2]; Insurance Law § 3420 [a] [3] and [4]; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487 [1999]; *Matter of State Farm Mut. Auto. Ins. Co. [Fuccio],* 288 AD2d 46 [2001]).

The appellant's remaining argument is academic in light of our determination. Florio, J.P., Crane, Fisher and Dillon, JJ., concur.