**Vincent TREANOR, Plaintiff,**

v.

**METROPOLITAN TRANSPORTATION AUTHORITY and Long Island Rail Road, Defendants.**

**No. 05 Civ. 5586(SAS).**

United States District Court, S.D. New York.

Dec. 22, 2005.

Richard A. Dienst, New York, New York, for Plaintiff.

Mary Jennings Mahon, Long Island Rail Road Company, Law Department, Jamaica, New York, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

## I. INTRODUCTION

Vincent Treanor, a former employee of the Long Island Rail Road ("LIRR"), brings this action against the Metropolitan Transportation Authority ("MTA") and the LIRR alleging employment discrimination on the basis of disability in violation of the New York State Human Rights Law [1] and the New York City Human Rights Law.[2] He also claims that defendants violated the notice requirements of the Consolidated Omnibus Budget Reconciliation Act ("COBRA").[3] The LIRR now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the LIRR's motion to dismiss is denied.[4]

## II. BACKGROUND

Treanor began working at the LIRR on or about April 12, 1989, as a car appearance maintainer.[5] He was promoted to car repairman in August 1999, and then to road car inspector in June 2002.[6] The LIRR learned that Treanor abused drugs and alcohol on or about October 7, 1994.[7]

On October 10, 2002, Treanor was involved in a work related accident which resulted in a knee injury requiring arthroscopic surgery.[8] Treanor submitted to a return-to-duty physical examination, which included a drug test, on November 26, 2002.[9] On November 29, 2002, Treanor tested positive for cocaine, and he was removed from service pending a Notice of Trial and Hearing for violation of the Corporate Alcohol and Substance Abuse Policy.[10]

At a February 14, 2003 hearing, Treanor admitted to the charge of violating the substance abuse policy, waived his right to a trial and signed a Last Chance Agreement.[11] Pursuant to the agreement Treanor was required to serve an eleven month suspension and had to be certified ready to return to work by the LIRR Employee Assistance Program ("EAP").[12] Failure to abide by the agreement would result in Treanor's dismissal.[13] As part of his EAP recovery plan, Treanor was required to enroll in an out-patient drug treatment program at Crossings Recovery Center in Deer Park, New York.[14] The cost of the program was paid for by his employer-provided health insurance.[15] On May 14, 2003, Crossing Recovery Center informed Treanor that his medical insurance had been discontinued and that he would have to pay if he wished to continue in the program.[16] Treanor then asked to be drug tested at the LIRR facilities because he

---

1. N.Y. Exec. Law § 296.

2. N.Y.C. Admin. Code § 8–101.

3. 29 U.S.C. § 1166.

4. Defendant MTA was dismissed from this action by stipulation between the parties and ordered by this Court on July 7, 2005.

5. *See* Complaint ("Compl.") ¶ 11.

6. *See id.* ¶ 12.

7. *See id.* ¶ 16.

8. *See id.* ¶ 19.

9. *See id.* ¶ 22.

10. *See id.* ¶ 24.

11. *See id.* ¶ 26.

12. *See id.* ¶ 27.

13. *See id.* ¶ 28.

14. *See id.* ¶ 35.

15. *See id.* ¶ 36.

16. *See id.* ¶ 38.

could not afford to pay for the tests.[17] Treanor was told that he could not be drug tested at the LIRR facilities and that he had to pay the costs of completing the Crossing Recovery Center program.[18]

On May 15, 2003, Treanor was advised for the first time by his union representative that health insurance coverage ceases when an employee has been out of work for more than six months.[19] Treanor claims he was unable to complete the EAP plan without COBRA replacement insurance because he could not afford to pay for treatment and drug tests.[20] On September 30, 2003, Treanor was charged with violating the Last Chance Waiver Agreement.[21] At the hearing, Treanor was told that he must either resign or be terminated.[22] He was informed that if he was terminated he would lose his LIRR pension, and would not be able to use the LIRR as a reference for future employment.[23] On September 30, 2003, Treanor resigned.[24]

On May 23, 2005, Treanor filed a complaint in the Supreme Court, New York County. Treanor alleged that: (1) the Last Chance Agreement violated COBRA because the LIRR provided a last chance that it knew or should have known could not be completed because the LIRR discontinued his medical insurance;[25] (2) the LIRR discriminated against him on the basis of his disability by treating him differently from other similarly situated employees in violation of the State and City Human Rights Laws;[26] (3) the LIRR constructively terminated him because of his disability;[27] and (4) the LIRR violated the notice requirements of COBRA.[28]

The LIRR removed the case to this Court and then moved to dismiss, claiming that Treanor's complaint was untimely because it was not filed within one year and thirty days of Treanor's termination.[29] The LIRR also claimed that the Complaint was defective because it failed to allege that at least thirty days had elapsed since the claims upon which the action was founded were presented to the LIRR, and that the LIRR neglected or refused to make adjustment or payment with respect to those claims.[30]

## III. LEGAL STANDARD

### A. Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a motion to dismiss should be granted only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[31] The task of the court in ruling on a Rule 12(b)(6) motion is "merely to assess the

**17.** *See id.* ¶ 39.

**18.** *See id.* ¶ 40.

**19.** *See id.* ¶ 41.

**20.** *See id.* ¶ 45.

**21.** *See id.* ¶ 46.

**22.** *See id.* ¶ 51.

**23.** *See id.* ¶ 52.

**24.** *See id.* ¶ 54.

**25.** *See id.* ¶ 58.

**26.** *See id.* ¶¶ 60–68.

**27.** *See id.* ¶¶ 70–72

**28.** *See id.* ¶¶ 73–86.

**29.** *See* Defendant's Memorandum of Law in Support of Its Motion to Dismiss and Its Motion for Sanctions ("Def.Mem.") at 4–7 (citing N.Y. Pub. Auth. L. § 1276(2)).

**30.** *See id.* at 8 (citing N.Y. Pub. Auth. L. § 1276(1)).

**31.** *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir.2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." [32] When deciding a motion to dismiss courts must accept all factual allegations in the complaint as true, and draw all reasonable inferences in plaintiff's favor.[33] Courts generally do not consider matters outside the pleadings but may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings.[34]

## B. New York Public Authorities Law

■ Section 1276 of the New York Public Authorities Law ("PAL") provides for a shortened limitations period and a thirty-day demand rule for tort actions against the MTA and its subsidiaries, including the LIRR.[35] The statute provides, in relevant part:

(1) As a condition to the consent of the state to such suits against the [LIRR], *in every action against the [LIRR] for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death,* the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the [LIRR] or other officer designated for such purpose and that the [LIRR] has neglected or refused to make an adjustment or payment thereof.

(2) An action against the [LIRR] *founded on tort,* except an action for wrongful death, shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the [LIRR] within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law.[36]

Section 1276(1) of the PAL tolls the one year limitation period of section 1276(2) for thirty days.[37] As a result, the net limitation period governing a tort action against the LIRR is one year and thirty days.[38] Nearly identical requirements apply to actions against the New York City Transit Authority under section 1212 of the PAL,[39]

32. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York,* 375 F.3d 168, 176 (2d Cir.2004) (quotation and citation omitted).

33. *See Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.,* 369 F.3d 27, 30 (2d Cir.2004) (citation omitted).

34. *See Chambers v. Time Warner Inc.,* 282 F.3d 147, 152–53 (2d Cir.2002); *see also In re Initial Public Offering Sec. Litig.,* 241 F.Supp.2d 281, 331 (S.D.N.Y.2003).

35. Although section 1276(6) of the PAL states that "notice of claim" requirements shall not apply to subsidiaries of the MTA, such as the LIRR, New York courts hold that the thirty-day demand rule still applies. *See Fleming v. Long Island R.R.,* 130 A.D.2d 59, 518 N.Y.S.2d 144, 146 (2d Dep't 1987). The statute's demand rule is distinct from the notice of claim requirement. *See Andersen v. Long Island R.R.,* 59 N.Y.2d 657, 661, 463 N.Y.S.2d 407, 450 N.E.2d 213 (1983).

36. N.Y. Pub. Auth. L. § 1276(1)-(2) (emphasis added).

37. New York Civil Procedure Law and Rules ("CPLR") provides that "[w]here the commencement of an action has been stayed by ... statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." N.Y. C.P.L.R. § 204.

38. *See Rose v. Metro North Commuter R.R.,* 143 A.D.2d 993, 533 N.Y.S.2d 629, 631 (2d Dep't 1988).

39. *See* N.Y. Pub. Auth. L. § 1212. Similar statutes also apply to other transportation authorities. *See, e.g.,* N.Y. Pub. Auth. L. § 1317 (Capital District Transportation Authority); § 1342 (Central New York Regional Trans-

and New York courts have interpreted these provisions consistently.[40] These statutes were "designed for traditional tort actions" and should not be used "as a sword rather than a shield or as a trap to catch the unwary or ignorant." [41]

## C. Statute of Limitations Under Section 214 of the New York Civil Practice Law and Rules

Actions to recover upon a liability "created or imposed by statute" are generally governed by the three-year statute of limitations period set forth in section 214(2) of the CPLR, "unless a different time is prescribed by law." [42] This statute of limitations governs claims of employment discrimination on the basis of disability in violation of the New York State Human Rights Law and the New York City Human Rights Law.[43]

Congress neglected to provide a statute of limitations for claims arising under COBRA. Accordingly, a court must apply the limitations period of the state law cause of action most analogous to the COBRA claim.[44] There has not been complete agreement among federal courts on how to analogize COBRA's notice requirements to any state law.[45] Some jurisdictions have determined that the best analogy is to a claim for unfair insurance practices.[46] In *Myers v. King's Daughters Clinic*, the court held that the purpose of COBRA "was to provide employees with an opportunity to continue to receive group health insurance after the occurrence of a qualifying event, e.g. termination." [47] Failing to notify an employee of his right to receive health insurance can be characterized as an unfair insurance practice. New York has a three-

portation Authority); § 1299–p (Niagara Frontier Transportation Authority); § 1299–rr (Rochester–Genesee Regional Transportation Authority).

**40.** *See Andersen,* 453 N.Y.S.2d at 210 (construing section 1276 of the PAL "in the same manner" as identical provisions of section 1212); *Cassandro v. Metropolitan Suburban Bus Auth.,* 178 Misc.2d 484, 679 N.Y.S.2d 523, 526 (N.Y.Sup.1998) (construing section 1276 based on cases interpreting "nearly identical" provisions of section 1212).

**41.** *City of Syracuse v. Utica Mut. Ins. Co.,* 83 A.D.2d 116, 443 N.Y.S.2d 901, 906 (4th Dep't 1981), *aff'd,* 61 N.Y.2d 691, 472 N.Y.S.2d 600, 460 N.E.2d 1085 (1984) (quotation marks omitted) (holding that notice of claim requirements which apply to "any case founded upon tort" did not apply to insurance claim against city).

**42.** N.Y. C.P.L.R. § 201.

**43.** *See, e.g., Flaherty v. Metromail Corp.,* 293 F.Supp.2d 355, 358 (S.D.N.Y.2003).

**44.** *See Sandberg v. KPMG Peat Marwick, LLP,* 111 F.3d 331, 333 (2d Cir.1997); *see also Downes v. JP Morgan Chase & Co.,* No. 03 Civ.

8991, 2004 WL 1277991, at *6 n. 7 (S.D.N.Y. Jun.8, 2004).

**45.** *Compare Mattson v. Farrell Distributing Corp.,* 163 F.Supp.2d 411 (D.Vt.2001) (rejecting argument that COBRA should be analogized to personal injury or property damage claims and holding that a COBRA claim was most analogous to a claim for economic damages under Vermont law) *with Lopez v. Premium Auto Acceptance Corp.,* 389 F.3d 504 (5th Cir.2004) (rejecting arguments that COBRA claims should be analogized to an action sounding in contract and holding that COBRA should be analogized to an action for unfair insurance practices because an employer's duty under the Act related to the provision of insurance coverage).

**46.** *See Lopez,* 389 F.3d at 510 (applying the Texas Insurance Code's unfair insurance practices limitation); *Harvey v. Mingo Logan Coal Co.,* 274 F.Supp.2d 791, 795 (S.D.W.V. 2003) (finding West Virginia's statute of limitations applicable to unfair insurance related practices should be applied to COBRA's notice claims).

**47.** 912 F.Supp. 233, 237 (W.D.Tex.1996).

year statute of limitations for claims of unfair insurance practices under section 214(2) of the CPLR.[48] I conclude that New York's three-year statute of limitations applies to claims under COBRA.

## III. DISCUSSION

### A. Treanor's Claims Are Not Time–Barred Under Section 1276(2) of the PAL

Treanor alleges that he was terminated on September 30, 2003, and that he filed this Complaint on May 23, 2005, within the three-year statute of limitations set forth in section 214(2) of the CPLR. The LIRR argues that Treanor's employment discrimination and COBRA claims are "founded on tort," and therefore time-barred under the one year and thirty day limitations period of section 1276(2) of the PAL.

#### 1. Employment Discrimination Claims

■ Section 1276(2) of the PAL does not govern Treanor's employment discrim-

ination claims. This Court has already held that a nearly identical section of the PAL, is "not applicable to employment discrimination claims because they are not tort actions." [49] This holding accords with New York cases reasoning that a discrimination claim is not a tort because it is "a new statutory cause of action which was not cognizable at common law." [50]

This Court declines to follow the reasoning of *Gaughan v. Nelson*, a 1995 Southern District of New York case holding that section 1276(2) applies to discrimination claims.[51] *Gaughan* relies on a line of cases interpreting section 50–e of the New York General Municipal Law ("GML"), which requires that claimants give notice of any claim "founded upon tort" to the appropriate municipal authority.[52] These cases are not helpful because they interpret section 50–e in conjunction with other statutory provisions which apply to classes of claims that are both broader[53] and narrower[54]

**48.** *See Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 208, 727 N.Y.S.2d 30, 750 N.E.2d 1078 (2001).

**49.** *Schlesinger v. New York City Transit Auth.*, No. 00 Civ. 4759, 2001 WL 62868, at *11 (S.D.N.Y. Jan.24, 2001) (interpreting N.Y. Pub. Auth. L. § 1212). *Accord Zerilli v. New York City Transit Auth.*, 973 F.Supp. 311, 325 (E.D.N.Y.1997); *Cervenka v. New York City Transit Auth.*, 216 A.D.2d 511, 628 N.Y.S.2d 405, 405 (2d Dep't 1995) (citing *Lane–Weber v. Plainedge Union Free School Dist.*, 213 A.D.2d 515, 624 N.Y.S.2d 185, 186 (2d Dep't 1995)).

**50.** *Picciano v. Nassau Co. Civil Service Comm'n*, 290 A.D.2d 164, 170, 736 N.Y.S.2d 55 (2d Dep't 2001). *Accord Monsanto v. Electronic Data Sys. Corp.*, 141 A.D.2d 514, 515, 529 N.Y.S.2d 512 (2d Dep't 1988) (citing *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983)) ("[A] discrimination claim under the Human Rights Law is an action created by statute, which did not exist at common law, and therefore cannot give rise to tort liability.").

**51.** *See Gaughan v. Nelson*, No. 94 Civ. 3859, 1995 WL 575316, at *7 (S.D.N.Y. Sep.29, 1995) (dismissing claim as time barred) (citing *Page v. New York City Off–Track Betting*, No. 90 Civ. 6367, 1993 WL 426865, at *3 (S.D.N.Y. Oct.22, 1993)).

**52.** *Page*, 1993 WL 426865, at *3 (citing *Mills v. County of Monroe*, 59 N.Y.2d 307, 308, 464 N.Y.S.2d 709, 451 N.E.2d 456 (1983)) (holding that employment discrimination sounds in tort).

**53.** *See, e.g., Mills*, 59 N.Y.2d at 308, 464 N.Y.S.2d 709, 451 N.E.2d 456 (dismissing discrimination claims for failure to provide notice under section 50–e of the GML in conjunction with section 52 of County Law, which requires notice of any action against a county for "for *damage*, injury or death, or for invasion of personal or property rights") (emphasis added). "[*Mills*] dealt not with the notice requirements of [section 50–e of] the General Municipal Law, but with those of [section 52 of] the New York County Law, which are broader." *Brodie v. New York City Transit Auth.*, No. 96 Civ. 6813, 1998 WL 599710, at *10 (S.D.N.Y. Sept.10, 1998). *Ac-*

than those "founded on tort." [55] In addition, since *Gaughan,* the majority of cases interpreting section 50–e of the GML have held that it does not apply to discrimination claims. [56]

## 2. COBRA Claim

■ Section 1276(2) does not govern Treanor's COBRA claim. COBRA requires an employer to notify its plan administrator of a qualifying event, such as termination, within thirty days of that event. [57] Treanor has alleged that the LIRR's violation of COBRA's notice provisions resulted in his constructive termi-

nation. [58] The LIRR argues that section 1276(2) governs Treanor's COBRA claim because it can be analogized to a tort claim for negligence. [59]

But Treanor's claim is not dependent on any tort theory. Like a discrimination claim, a COBRA claim is purely a creature of statute not previously cognizable as a tort at common law. One court has rejected the analogy of a violation of COBRA's notice requirement to a tort such as a personal injury claim or damage to personal property. [60] As noted earlier, the statute of limitations for a COBRA claim is best analogized to a statutory claim of unfair insurance practices. [61] New York courts

cord *Aguilar v. New York Convention Center Operating Corp.,* 174 F.Supp.2d 49, 53–55 (S.D.N.Y.2001); *Peart v. City of New York,* No. 87 Civ. 4932, 1991 WL 206315, at *3 (S.D.N.Y. Sept.27, 1991).

54. *See, e.g., Bogart v. New York City Health and Hospitals Corp.,* No. 98 Civ. 6118, 2001 WL 504874, at *4 (S.D.N.Y. May 11, 2001) (refusing to dismiss discrimination claims for failure to provide notice under section 50–e of the GML in conjunction with section 50–i, which "define[s] the torts for which a notice of claim is required as personal injury, wrongful death, or damage to property claims only").

55. The LIRR also argues that *Andersen v. Long Island Railroad,* establishes that the term "tort" in section 1276(2) refers to any claim for damages. 88 A.D.2d 328, 453 N.Y.S.2d 203, 210 (2d Dep't 1982), *aff'd,* 59 N.Y.2d 657, 463 N.Y.S.2d 407, 450 N.E.2d 213 (1983) ("the term 'tort' encompasses all of the actions referred to in [section 1276(1)], including death"). But this case stands for the unremarkable proposition that a wrongful death action is a tort.

56. *See Brodie v. New York City Transit Auth.,* No. 96 Civ. 6813, 1998 WL 599710, at *10 (S.D.N.Y. Sept.10, 1998) ("the weight of recent authority holds that an employment discrimination action under HRL § 296 is not a tort action"); *Hamm v. New York City Office of Comptroller Alan Hevesi,* No. 95 Civ. 6367, 1998 WL 92395, at *6 (S.D.N.Y. Mar.4, 1998) ("[t]he Court aligns itself with the line of cases holding that discrimination claims

brought under Executive Law § 296 are not tort actions"); *Sussman v. New York City Health and Hospitals Corp.,* No. 94 Civ. 8461, 1997 WL 334964, at *14 (S.D.N.Y. Jun.16, 1997) ("a claim pursuant to Executive Law § 296 is neither a claim for personal injuries nor a tort claim"); *Dimonda v. New York City Police Dep't,* No. 94 Civ. 0840, 1996 WL 194325, at *6 (S.D.N.Y. Apr.22, 1996) ("the most recent case law from the Appellate Division of the New York State Supreme Court ... hold[s] that the notice of claim provisions embodied in §§ 50–e and 50–i are not applicable to claims of discrimination brought pursuant to Executive Law § 296"); *Picciano,* 290 A.D.2d at 170, 736 N.Y.S.2d 55. *But see Duck v. New York City Dep't of Transp.,* No. 91 Civ. 7388, 1994 WL 440666, at *5–6 (S.D.N.Y. Aug.12, 1994) (applying section 50 to discrimination claim), *Larry v. New York City Dep't of Sanitation,* No. 92 Civ. 0913, 1994 WL 121816, at *5 (S.D.N.Y. Apr.7, 1994) (same).

57. *See* 29 U.S.C. § 1166(a)(2).

58. *See* Compl. ¶¶ 37–87.

59. *See* Def. Mem. at 7.

60. *See Mattson,* 163 F.Supp.2d at 417.

61. *Cf. Clempner v. Town of Southold,* 154 A.D.2d 421, 546 N.Y.S.2d 101, 104 (2d Dep't 1989) (claim was not "founded on tort" because it was more analogous to a constitutional takings claim than an action for trespass).

have held that other insurance-related claims founded on statute are not torts subject to notice of claim requirements under similar statutes.[62]

## B. The Thirty–Day Demand Rule of Section 1276(1) of the PAL Does Not Apply to Treanor's Claims

■ The LIRR argues that even if the statute of limitations of section 1276(2) does not apply to this action, Treanor's claims for damages should be dismissed for failure to comply with the thirty-day demand rule of section 1276(1). Section 1276(1) applies to "every action against the authority for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death." The LIRR argues that the provision should be read broadly to include any action for damages. I have already rejected this same argument in the context of the nearly identical language of section 1212(1) of the PAL, holding that "[c]ourts have refused to interpret [this section] literally and apply the notice of claim requirement to all actions for damages. Rather, courts have limited its application to tort actions."[63] This Court reads the provision narrowly, to include only actions for damages *related to* injuries to property, personal injuries, or death. It is apparent from the statutory scheme that the provision is intended to apply to tort actions.[64]

The LIRR points to no case in which a court applied section 1276(1), or any similar statute, to a claim for damages not sounding in tort. Because Treanor's claims do not sound in tort, the LIRR's motion to dismiss Treanor's claims based on section 1276 is denied.

## IV. CONCLUSION

For the foregoing reasons, the LIRR's motion to dismiss is hereby denied. The Clerk of the Court is directed to close this motion [10]. A conference is scheduled for January 6, 2006 at 1 p.m.

SO ORDERED.

---

**62.** *See, e.g., State Farm Mut. Auto. Ins. Co. v. Olsen,* 22 A.D.3d 673, 802 N.Y.S.2d 725, 725 (2d Dep't 2005) ("a statutory arbitration proceeding to resolve a coverage dispute concerning an uninsured motorist claim is not a claim founded upon a *tort"*) (emphasis in original); *City of Syracuse,* 443 N.Y.S.2d at 905–06 (insurer's claim for reimbursement under no-fault insurance statute not "founded on tort" because it was not a traditional tort action).

**63.** *Schlesinger,* 2001 WL 62868, at *11. *Accord Brodie,* 1998 WL 599710, at *10 ("While the defendants' reading of § 1212 has literal appeal, the Court finds that plaintiff's position

is supported by the case law and rejects defendants' interpretation of § 1212.").

**64.** *See Davis v. New York City Transit Auth.,* 96 A.D.2d 819, 465 N.Y.S.2d 567, 571 & n. 2 (2d Dep't 1983) (O'Connor, J., concurring), *rev'd on other grounds sub nom., Giblin v. Nassau County Med. Ctr.,* 61 N.Y.2d 67, 471 N.Y.S.2d 563, 459 N.E.2d 856 (1984) (surveying similar statutes and noting that although "the Legislature has yet to settle upon a single, simple formula", it expresses its intent to limit a provision to tort claims via a "few formulas", such as the language of 1276(1) of the PAL).